hearing, it will have violated 28 USC § 455. The refusal of the District Court to make

findings of fact and law and to rule on the claims presented would be violations of FR

Civ P 52(a) and 54(b) and Due Process. Vague and conclusory rulings are also violations

of Due Process. The failure to hold a hearing, <u>Reynolds v. Cochran</u>, 365 U.S. 525, 528,

533 (1961) on the verified claims is likewise a violation of Due Process. Arguably, the

District Court has already violated 28 USC section 455, et al, by acting pursuant to a right

lacking jurisiction.

The "Rule of Necessity" requires some court hear these constitutional challenges.

<u>Will</u>, <u>supra</u>. Another aspect of that Rule requires in a case of choice selection of the

"lesser of two evils." <u>United States v. Bailey</u>, 444 U.S. 394, 410 (1980) (construing Rule

"in the context of a prison escape"). Under these exceptional circumstances, the Court

should proceed promptly to hear this petition acting as an **independent and unbiased**

**court** and to resolve with speed and finality the significant questions herein, or if it can

not act without potential conflict, refer the case for hearing to the Supreme Court.

### IX.     ISSUE FIVE: <u>THE JUDGE TRYING THIS CASE IS NOT AN</u> <u>ARTICLE III JUDGE</u>

Petitioner has a right to be tried and, if found guilty, sentenced by an Article III

judge. No such action occurred in this court.

#### 1. The Judicial Officers Violated the Judicial Code

The magistrate and judge violated the Code of Conduct for United States Judges,

Canon 1, Canon 2, and Canon 3 by acting outside of their authority and in excess

of their jurisdiction. The magistrate and judge of this case indicted and confined

Petitioner when as a matter of law he committed no crime, and the court had no

42

jurisdiction. Furthermore, the judge of this case is believed to be a former prosecutor and is now an employee of the Department of Justice, a direct conflict of interest to the court's impartiality and Canons 1, 2, and 3 of the Judicial Code. Any reports or orders by the Magistrate Judge act as nothing more than a disguised order of the judge, since the judge adopted the magistrates recommendations without question or comment, failing to make findings of fact and law on all issues presented, including all of the issues that establish that Title 18 is unconstitutional on its face, fail to allow discovery as required by law to prove the court's lack of jurisdiction, fail to take verified pleadings, unopposed, as true, as required by law and the court's "independence"; and fail to hold a hearing as required by a challenge to the courts jurisdiction.

Are the judge and magistrate bound by the judicial code or code for judicial employees? Neither a district court judge nor a magistrate can *create law,* but may *interpret law.* No such authority was ever conceived by the Framers to allow judges to create law. If the magistrate and judge of the court are bound by the judicial code and code for judicial employees then they must comply with that (those) codes, which means they must dismiss the indictment and conviction.

The failure to provide an impartial judge in the instant case constituted structural error and per se prejudicial error and requires reversal of any conviction. See *Satterwhite v. Texas,* 487 U.S. 249, 256 (1988); Accord *Neder v. United States,* 527 U.S. 1, 7, 8 (1999); *Sullivan v. Louisiana,* 508 U.S. 275, 279 (1993); Edwards v. Balisok, 520 U.S. 641, 647 (1997); *Johnson v. United States,* 520 U.S. 461, 469 (1997); *Johnson v. United States,* 520 U.S. 461, 469 (1997); *Sullivan v.*

*43*

*Louisiana*, 508 U.S. at 279; *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927).

Not only are the judge and magistrate biased as a matter of fact, but the judge presiding over the case is not an Article III judge, therefore depriving Petitioner of his Constitutional rights. The judge can not sentence Petitioner as a matter of law.

First, the judge has taken a Form 61 Commissioners Oath of Office. Second, the courts were transferred into the Department of Justice by Executive Order during the bankruptcy of the United States in the 1930s and act as administrative courts, in violation of the Separation of Powers Doctrine. Third, to be a Constitutional judge, the judge must meet 3 criteria: First, he/she must be appointed by the President; Second, he/she must be in good behavior; Third, her/his pay can never be diminished. The judge may meet the first two criteria, but can never meet the third criteria (according to Supreme Court precedent) and therefore could not preside over the proceedings and could not make enter sentencing.

With no Article III judge on the case, the case must be dismissed.

## X.     ISSUE SIX:   THE SALE OF CONVICTION BONDS RENDERS THE PROCEEDINGS VOID

**The sale of bonds based on Petitioners conviction by the court creates a financial conflict of interest and is a violation of the Separation of Powers Doctrine, rendering the conviction void. The district court is a corporation listed in Dun & Bradstreet. It sells bonds based on Petitioners conviction. To find the bonds cusip number you go to**

**http://adtivequote.fidelity.com/mmnet/Symblookup.phtml/Symlookup.phtml**

44

**Search for:** Mutual Fund  by: **Fund Number**

**CUSIP Number:**
http://fixedincome.fidelity.com/fi/FIFrameset.do?page=FISearchIndividualBonds.do
enter case number as follows:
For example, if your listed case number
If your listed case number is 1:05-cr-30039-AA and 1:05-cr-30039-AA-1.

Put in 30039-AA and 30039-AA-1 and the CUSIP number was the same for this

case.

The fact that the court makes money from convictions is a violation of numerous

Constitutional provisions, including slavery and peonage as well as the Separation

of Powers Doctrine.

Petitioner requests discovery related to the courts conflict of interest.

### CONCLUSION

For these reasons, Petitioner Requests that a Writ of Habeas Corpus be issued, his

indictment be dismissed with prejudice, **specific findings of fact and law** be issued,

Title 18 be declared unconstitutional, Petitioner's indictment  order be **voided**, the

District Court's actions pursuant to Petitioner be declared *ultra vires*, the District Court's

actions be declared in violation of Due Process and 28 USC § 455, and the indictment

and conviction be declared *void*. The issues related to Title 18 herein have never been

decided by a court of precedent based on findings of fact and law, are jurisdictional, and

carry no procedural default.

Petitioner declares under penalties of perjury that the facts stated or alleged herein

are true and correct pursuant to 28 U.S.C. § 1746.

An affidavit renders the facts presented as true unless it is rebutted by affidavit

45

and fact.  The court is presumed to know the law and can pull the cases.

## CERTIFICATION UNDER PENALTY OF PERJURY

I, David A. Willis, certify on this the ___12th___ day of November, 2008,

pursuant to 28 USC § 1746 that the foregoing is true and correct.

_David A. Willis / Em_ POA

David A. Willis
Reg. No. 21465-058
c/o 19366 Makayla
Cornelius, NC 28031

## CERTIFICATE OF SERVICE

On this the ___12th___ day of November, 2008, a true and correct copy of this Notice
was served on the Office of the US Attorney for the Western District of North
Carolina, Charlotte Division, as required by law.

_David A. Willis / Em_ POA
David A. Willis

## PROOF OF FILING

On this the ___12th___ day of _NOVEMBER, 2008_, a true and correct copy of this
Motion  was served on the court by delivery or first class mail, or better.

_David A. Willis / Em_ POA
David A. Willis

46

# APPENDIX

## TABLE OF CONTENTS

App. Page(s)

Journal of the House of Representatives of the United States,
Eightieth Congress, First Session (1947) ...........................................1-6

Journal of the Senate of the United States, Eightieth Congress,
First Session (1947) ...........................................................7-11

Journal of the House of Representatives of the United States,
Eightieth Congress, Second Session (1948) ...............................12-30

Journal of the Senate of the United States, Eightieth Congress,
Second Session (1948) .........................................................31-44

93 Congressional Record, 80th Cong., 1st Sess. (1947) ...........................45-49

94 Congressional Record, 80th Cong., 2nd Sess. (1948) ..........................50-66

House Report No. 304, 80th Cong., 1st Sess., April 24, 1947 .........................67

House Document No. 769, 79th Cong., 2nd Sess., Constitution,
Jefferson's Manual and Rules of the House of Representatives
of the United States, Eightieth Congress (G.P.O. 1947) ....................68-80

House Document No. 355, 59th Cong., 2nd Sess., Hinds' Precedents
of the House of Representatives of the United States,
Volumes IV and V (G.P.O. 1907) .........................................81-102

Senate Report No. 1620, 80th Cong., 2nd Sess., June 14, 1948 ...............103-104

House Concurrent Resolutions 218 and 219, 80th Cong., 2nd Sess.,
June 20, 1948, 62 Stat. 1435-1436 ......................................105-106

Certified Copy of H.R. 3190, passed by the House of Representatives
on May 12, 1947, and certified as truly enrolled on
June 18, 1948 .................................................................107-113

Certified Copy of H.R. 3190, as signed into Public Law 80-772 and
received at Department of State on June 25, 1948 ......................114-117

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 6 of 30

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and complete copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *RH Hunt* | |
| NAME Richard H. Hunt | DATE 05/11/07 |
| TITLE Director Center for Legislative Archives | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | |

NA FORM APR 85 1407-A

48

App.    1

# JOURNAL

OF THE

# HOUSE OF REPRESENTATIVES
# OF THE UNITED STATES

## EIGHTIETH CONGRESS
## FIRST SESSION

BEGUN AND HELD AT THE CITY OF
WASHINGTON : : JANUARY 3, 1947

IN THE ONE HUNDRED AND SEVENTY-FIRST YEAR
OF THE INDEPENDENCE OF THE UNITED STATES



Prepared under the direction of
John Andrews, Clerk of the House of Representatives, by Eugene F. Sharkoff, Journal Clerk
and Raymond P. Johnson, and Thomas H. Cleary, Assistant Journal Clerks

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1947

49

# JOURNAL

## OF THE

# HOUSE OF REPRESENTATIVES

## CONGRESS OF THE UNITED STATES

Begun and held at the Capitol, in the city of Washington, in the District of Columbia, on Friday, the 3d day of January, in the year of our Lord nineteen hundred and forty-seven, being the *first session* of the EIGHTIETH CONGRESS, held under the Constitution of the Government of the United States, and in the one hundred and seventy-first year of the Independence of the United States.

---

**FRIDAY, JANUARY 3, 1947**

On which day, being the day fixed by the Constitution of the United States, as amended, for the meeting of Congress, Ralph R. Roberts, Doorkeeper of the House of Representatives, at the hour of 12 o'clock noon, called the House to order, and proceeded to call the roll of Members-elect by States whose credentials had been received, when the following Members-elect answered:

[Roll No. 1]

*From the State of—*

**ALABAMA**

| | | |
|---|---|---|
| Boykin | Hobbs | Battle |
| Grant | Rains | |
| Andrews | Jarman | Manasco |

**ARIZONA**

| | |
|---|---|
| Harless | Murdock |

**ARKANSAS**

| | | |
|---|---|---|
| Gathings | Cravens | Norrell |
| Mills | Hays | Harris |
| Trimble | | |

**CALIFORNIA**

| | | |
|---|---|---|
| Lea | Gearhart | Bradley |
| Engle | Elliott | Holifield |
| Johnson | Bramblett | Hinshaw |
| Havenner | Nixon | Sheppard |
| Welch | Poulson | Phillips |
| Miller | McDonough | Fletcher |
| Allen | Jackson | |
| Anderson | King | |

**COLORADO**

| | | |
|---|---|---|
| Carroll | Chenoweth | Rockwell |
| Hill | | |

**CONNECTICUT**

| | | |
|---|---|---|
| Miller | Foote | Patterson |
| Seely-Brown | Lodge | Sadlak |

**DELAWARE**

Boggs

**FLORIDA**

| | | |
|---|---|---|
| Peterson | Sikes | Hendricks |
| Price | Smathers | Rogers |

**GEORGIA**

| | | |
|---|---|---|
| Preston | Davis | Wheeler |
| Cox | Vinson | Wood |
| Pace | Lanham | Brown |
| Camp | | |

**IDAHO**

| | |
|---|---|
| Goff | Sanborn |

**ILLINOIS**

| | | |
|---|---|---|
| Dawson | Church | McMillen |
| Vail | Reed | Simpson |
| Busbey | Mason | Howell |
| Gorski | Allen | Price |
| Sabath | Johnson | Vursell |
| O'Brien | Chiperfield | Clippinger |
| Owens | Dirksen | Bishop |
| Gordon | Arends | Stratton |
| Twyman | Jenison | |

**INDIANA**

| | | |
|---|---|---|
| Madden | Harness | Mitchell |
| Halleck | Johnson | Wilson |
| Grant | Landis | Springer |
| Gillie | | |

**IOWA**

| | | |
|---|---|---|
| Martin | LeCompte | Jensen |
| Talle | Cunningham | Hoeven |
| Gwynne | Dolliver | |

**KANSAS**

| | | |
|---|---|---|
| Cole | Meyer | Hope |
| Scrivner | Rees | Smith |

**KENTUCKY**

| | | |
|---|---|---|
| Gregory | Chelf | Meade |
| Clements | Spence | Bates |
| Morton | Chapman | Robsion |

**LOUISIANA**

| | | |
|---|---|---|
| Hébert | Brooks | Larcade |
| Boggs | Passman | Allen |

**MAINE**

| | |
|---|---|
| Hale | Smith | Fellows |

**MARYLAND**

| | | |
|---|---|---|
| Miller | D'Alesandro | Sasscer |
| Meade | Fallon | Beall |

**MASSACHUSETTS**

| | | |
|---|---|---|
| Heselton | Bates | Kennedy |
| Clason | Lane | McCormack |
| Philbin | Goodwin | Wigglesworth |
| Donohue | Gifford | Martin |
| Rogers | Herter | |

**MICHIGAN**

| | | |
|---|---|---|
| Sadowski | Wolcott | Coffin |
| Michener | Crawford | Youngblood |
| Shafer | Engel | Dingell |
| Hoffman | Woodruff | Lesinski |
| Jonkman | Bradley | Dondero |
| Blackney | Bennett | |

**MINNESOTA**

| | | |
|---|---|---|
| Andresen, | Devitt | Andersen, |
| August H. | Judd | H. Carl |
| O'Hara | Knutson | Blatnik |
| MacKinnon | | Hagen |

**MISSISSIPPI**

| | | |
|---|---|---|
| Rankin | Abernethy | Colmer |
| Whitten | Winstead | Williams |
| Whittington | | |

**MISSOURI**

| | | |
|---|---|---|
| Arnold | Bennett | Bakewell |
| Schwabe | Short | Ploeser |
| Cole | Banta | Karsten |
| Bell | Cannon | |
| Reeves | Zimmerman | |

**MONTANA**

| | |
|---|---|
| Mansfield | D'Ewart |

**NEBRASKA**

| | | |
|---|---|---|
| Curtis | Stefan | Miller |
| Buffett | | |

**NEVADA**

Russell

**NEW HAMPSHIRE**

| | |
|---|---|
| Merrow | Cotton |

**NEW JERSEY**

| | | |
|---|---|---|
| Wolverton | Case | Sundstrom |
| Hand | Thomas | Kean |
| Auchincloss | Canfield | Norton |
| Mathews | Towe | Hart |
| Eaton | Hartley | |

**NEW MEXICO**

| | |
|---|---|
| Fernandez | Lusk |

**NEW YORK**

| | | |
|---|---|---|
| Macy | Buck | Byrne |
| Hall; | Coudert | Taylor |
| Leonard W. | Marcantonio | Kilburn |
| Latham | Klein | Fuller |
| McMahon | Bloom | Riehlman |
| Ross | Javits | Hall, |
| Nodar | Powell | Edwin Arthur |
| Pfeifer | Lynch | Taber |
| Keogh | Rabin | Cole |
| Somers' | Buckley | Keating |
| Heffernan | Potts | Wadsworth |
| Rooney | Gwinn | Andrews |
| O'Toole | Gamble | Elsaesser |
| Rayfiel | St. George | Butler |
| Celler | LeFevre | Reed |
| | Kearney | |

**NORTH CAROLINA**

| | | |
|---|---|---|
| Bonner | Folger | Doughton |
| Kerr | Durham | Jones |
| Barden | Clark | Bulwinkle |
| Cooley | Deane | Redden |

**NORTH DAKOTA**

| | |
|---|---|
| Lemke | Robertson |

**OHIO**

| | | |
|---|---|---|
| Elston | Ramey | McGregor |
| Hess | Jenkins | Lewis |
| Burke | Brehm | Kirwan |
| Jones | Vorys | Feighan |
| Clevenger | Weichel | Crosser |
| McCowen | Huber | Bolton |
| Brown | Griffiths | Bender |
| Smith | Carson | |

3

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 9 of 30

*United States or of any State or any sub-division thereof, for such copies or information furnished for official use in connection with the official duties of such officers or agencies.*

H. R. 2353. A bill to authorize the patenting of certain public lands to the State of Montana or to the Board of County Commissioners of Hill County, Mont., for public-park purposes.

Page 3, lines 12 and 13, strike out " (1) that the lands shall be used for park and recreational purposes; (2) ".

Page 3, line 11, strike out all following "provide", and all of line 12 before "that".

Page 3, line 3, after "Interior", strike out the semicolon, insert a period and strike out balance of bill.

*Ordered,* That the Clerk request the concurrence of the Senate in said bills, severally.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill of the Senate (S. 64) granting the consent of Congress for the construction of a dam across Dan River in North Carolina, when said bill was considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 1465) to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes.

When said bill was read by title.

On motion of Mr. TRIMBLE, by unanimous consent, the Committee on the Judiciary was discharged from further consideration of the bill of the Senate (S. 132) to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes, when said bill was considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 1465, a similar House bill, was laid on the table.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2076) to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for other purposes.

When said bill was read by title.

On motion of Mr. TRIMBLE, by unanimous consent, the bill of the Senate (S. 273) to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for

other purposes, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 2076, a similar House bill, was laid on the table.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2238) to amend section 327 (h) of the Nationality Act of 1940.

When said bill was read by title,

On motion of Mr. TRIMBLE, by unanimous consent, the bill of the Senate (S. 460) to amend section 327 (h) of the Nationality Act of 1940, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 2238, a similar House bill, was laid on the table.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 1999) to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services.

When said bill was read by title.

On motion of Mr. TRIMBLE, by unanimous consent, the bill of the Senate (S. 534) to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent the bill H. R. 1999, a similar House bill, was laid on the table.

The bill (H. R. 797) to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project was read by title.

On motion of Mr. TRIMBLE, by unanimous consent, the bill of the Senate (S. 214) to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 797, a similar House bill, was laid on the table.

———

The Committee of the Whole House on the State of the Union was discharged

from further consideration of the bill (H. R. 1467) to amend the act entitled "An act to punish acts of interference with the foreign relations, the neutrality, and the foreign commerce of the United States, to punish espionage, and better to enforce the criminal laws of the United States, and for other purposes," of June 15, 1917, as amended, and the Alien Registration Act, 1940, to increase the penalties for violation of such acts.

When said bill was considered and read twice.

Mr. SPRINGER submitted the following amendments, which were agreed to:

Page 1, line 4, after "follows:", insert *Strike the word "six" where it appears in section 1 (a) and substitute in lieu thereof the word "seven;".*

Page 1, line 4, strike out "Renumber" and insert *renumber.*

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title and passed.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2083) to codify and enact into positive law, title 17 of the United States Code, entitled "Copyrights."

When said bill was considered and read twice.

The following amendments, recommended by the Committee on the Judiciary, were agreed to:

Page 21, line 19, strike out "June 3" and insert *June 18.*

Page 34, line 9, strike out comma after "Puerto Rico" and "and the courts of first instance of the Philippine Islands".

Page 34, line 18, strike out "bill in equity" and insert *complaint.*

Page 39, line 22, strike out "March 2, 1913" and insert *July 1, 1909.*

Mr. ROBSION submitted the following amendment, which was agreed to:

Page 41, lines 8 and 9, strike out "and not exceeding $1 per annum for the catalogs issued during the year for any one class of subjects".

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title and passed.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

———

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 3190) to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

When said bill was considered and read twice.

Mr. WALTER submitted the following amendment, which was agreed to:

Page 434, line 11, after "of", strike out "three" and insert *five.*

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 10 of 30

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title, and passed.

*Ordered*, That the Clerk request the concurrence of the Senate in said bill.

BILLS PASSED OVER

By unanimous consent, bills of the following titles were severally passed over without prejudice and retain their places on the Consent Calendar:

S. 26. An act to make criminally liable persons who negligently allow prisoners in their custody to escape.

S. 321. An act to amend section 17 of the Pay Readjustment Act of 1942, so as to increase the pay of cadets and midshipmen at the service academies, and for other purposes.

H. R. 174. A bill to amend section 26, title I, chapter 1, of the act entitled "An act making further provision for a civil government for Alaska, and for other purposes," approved June 6, 1900 (31 Stat. 321), as amended by the act of May 31, 1938 (52 Stat. 588).

H. R. 673. A bill to repeal certain provisions authorizing the establishing of priorities in transportation by merchant vessels.

H. R. 966. A bill to amend section 14 of the Veterans' Preference Act of June 27, 1944 (58 Stat. 387).

H. R. 2229. A bill to amend the act of June 25, 1938, relating to the appointment of postmasters under civil service.

H. R. 2759. A bill to amend the Interstate Commerce Act, as amended, so as to provide limitations on the time within which actions may be brought for the recovery of undercharges and overcharges by or against common carriers by motor vehicle, common carriers by water, and freight forwarders.

H. R. 3214. A bill to revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary."

BILLS OBJECTED TO

One objection being made to the consideration of the bill (H. R. 1556) to provide basic authority for the performance of certain functions and activities of the Bureau of Reclamation, said bill was passed over on the Consent Calendar, under the rule.

Three objections being made to the consideration of the joint resolution (H. J. Res. 152) relating to the marketing of Virginia sun-cured tobacco under the Agricultural Adjustment Act of 1938, as amended, said bill was stricken from the Consent Calendar.

Motions severally made to reconsider the votes whereby each bill and joint resolution on the Consent Calendar was disposed of today were, by unanimous consent, severally laid on the table.

COMMITTEE ON ARMED SERVICES

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 141):

*Resolved*, That the Committee on Armed Services, acting as a whole or by subcommittee, is authorized and directed to conduct thorough studies and investigations relating to matters coming within the jurisdiction of such committee under rule XI (1) (c) of the Rules of the House of Representatives, and for such purposes the said committee or any subcommittee thereof is authorized to sit and act during the present session of Congress at such times and places, whether the House is in session, has recessed, or has adjourned, to hold such hearings, and to require by subpena or otherwise the attendance and testimony of such witnesses and the production of such books, records, papers, and documents, as it deems necessary. Subpenas may be issued over the signature of the chairman of the committee, or by any member designated by such chairman, and may be served by any person designated by such chairman or member. The chairman of the committee or any member thereof may administer oaths to witnesses.

The committee shall report to the House of Representatives during the present session of Congress the results of its studies and investigations with such recommendations for legislation or otherwise as the committee deems desirable.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the resolution to its adoption or rejection, and under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agred to was, by unanimous consent, laid on the table.

COMMITTEE ON PUBLIC LANDS

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 93):

*Resolved*, That the Committee on Public Lands (now comprised of the six former Committees on Insular Affairs, Territories, Public Lands, Irrigation and Reclamation, Mines and Mining, and Indian Affairs) may make investigations into any matter within its jurisdiction. For the purpose of making such investigations the committee, or any subcommittee thereof, is authorized to sit and act during the present Congress at such times and places within or outside the United States, whether the House is in session, has recessed, or has adjourned, to hold such hearings, and to require, by subpena or otherwise, the attendance and testimony of such witnesses and the production of such books, records, correspondence, memoranda, papers, and documents, as it deems necessary. Subpenas may be issued under the signature of the chairman of the committee or any member of the committee designated by him, and may be served by any person designated by such chairman or member.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the

resolution to its adoption or rejection, and, under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agreed to was, by unanimous consent, laid on the table.

COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 153):

*Resolved*, That, effective from January 3, 1947, the Committee on Interstate and Foreign Commerce, or any duly authorized subcommittee thereof, is authorized to continue the investigation begun under authority of House Resolution 318 of the Seventy-ninth Congress, and for such purposes shall have the same power and authority as that conferred by such House Resolution 318. The committee may from time to time make such preliminary reports to the House as it deems advisable; and shall, during the present Congress, report to the House the results of its investigation, together with such recommendations as it deems advisable. Any report submitted when the House is not in session shall be filed with the Clerk of the House.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the resolution to its adoption or rejection, and, under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agreed to, was, by unanimous consent, laid on the table.

ENROLLED BILLS SIGNED

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills of the House of the following titles, which were thereupon signed by the Speaker:

H. R. 450. An act providing for the conveyance to the town of Marblehead, in the State of Massachusetts, of Marblehead Military Reservation for public use.

H. R. 1098. An act to authorize the segregation and expenditure of trust funds held in joint ownership by the Shoshone and Arapaho Tribes of the Wind River Reservation.

ENROLLED SENATE JOINT RESOLUTION SIGNED

The SPEAKER announced his signature to an enrolled joint resolution of the Senate of the following title:

S. J. Res. 102. Joint resolution to permit United States common comunications carriers to accord free communication privileges to official participants in the world telecommunications conferences to be held in the United States in 1947.

LEAVE TO ADDRESS THE HOUSE

On motion of Mr. BENNETT of Missouri, by unanimous consent,

App. 5

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 11 of 30

Secretary of War inactivating the United States Army post at Camp McCoy and requesting that steps be taken to prevent such order from taking effect; to the Committee on Armed Services.

### PRIVATE BILLS AND RESOLUTIONS

Under clause 1 of rule XXII, private bills and resolutions were introduced and severally referred as follows:

By Mr. EBERHARTER:

H. R. 3424. A bill for the relief of Mrs. Mitsu Yajima; to the Committee on the Judiciary.

By Mr. EVINS:

H. R. 3425. A bill for the relief of the Lebanon Woolen Mills, Inc.; to the Committee on the Judiciary.

H. R. 3426. A bill for the relief of Mr. and Mrs. Lem Motlow; to the Committee on the Judiciary.

H. R. 3427. A bill for the relief of Mrs. Mary H. Overall and Thomas I. Baker; to the Committee on the Judiciary.

By Mr. FOGARTY:

H. R. 3428. A bill granting an annuity to Emma June Wilbur; to the Committee on the Judiciary.

### PETITIONS, ETC.

Under clause 1 of rule XXII, petitions and papers were laid on the Clerk's desk and referred as follows:

488. By Mr. BRADLEY of California: Petition of Mrs. C. D. Rasmussen, of Long Beach, Calif., and 226 other residents of the Eighteenth Congressional District of California, urging favorable consideration and support of S. 265, a bill to prevent the interstate transmission of advertising of all alcoholic beverages and the broadcasting of all such advertising by means of radio; to the Committee on Interstate and Foreign Commerce.

489. By Mr. BRAMBLETT: Petition of Elmer J. Grain, Monterey, Calif., and others, regarding immediate cashing of veterans' terminal-leave bonds; to the Committee on Veterans' Affairs.

490. By Mr. HOLMES: Petitions of residents of Walla Walla, Wash., urging passage of S. 265, a bill to prohibit transportation of alcoholic-beverage advertising and broadcasting alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

491. By Mr. LEWIS: Petition of 94 residents of Cadiz and surrounding communities, in support of S. 265, a bill to prohibit the transportation of alcoholic-beverage advertising in interstate commerce and broadcasting of alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

492. By Mr. McGREGOR: Petition of citizens of Mount Vernon, Ohio (Knox County), in behalf of passage of S. 265, a bill to prohibit the transportation of alcoholic-beverage advertising in interstate commerce and the broadcasting of alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

493. By Mr. COTTON: Petition of the executive committee of the New Hampshire Bar Association, urging Congress to endorse H. R. 1639; to the Committee on Education and Labor.

494. By Mr. SMITH of Wisconsin; Resolution of May 8, 1947, by Kenosha Jewish Welfare Fund, Kenosha, Wis., calling upon the United States Government to take the initiative during the special meeting of the General Assembly of the United Nations in championing the program for Palestine, to insist that the Jewish people be accorded full representation in all deliberations regarding Palestine within the United Nations through the Jewish agency, and to bring weight to bear on the mandatory government to the end that an interim policy based upon the existing mandate be set in motion at once providing for immediate large-scale Jewish immigration into Palestine and the removal of discriminatory land restrictions in the Jewish national home; to the Committee on Foreign Affairs.

495. By Mr. WELCH: California State Senate Resolution No. 17, relative to the development of deposits of mineral ores in the United States; to the Committee on Public Lands.

496. Also, California State Senate Resolution No. 6, memorializing and petitioning the President and Congress of the United States to pass appropriate legislation to enable veterans who obtained guaranteed loans prior to December 28, 1945, to come within provisions of Public Law 268; to the Committee on Veterans' Affairs.

497. By the SPEAKER: Petition of officers and members of the Townsend conference from the Eighth District of the State of Massachusetts, petitioning consideration of their resolution with reference to endorsement of the Townsend plan, H. R. 16; to the Committee on Ways and Means.

498. Also, petition of members of Townsend Club, No. 2, Boston, Mass, petitioning consideration of their resolution with reference to endorsement of the Townsend plan; to the Committee on Ways and Means.

499. Also, petition of Donald F. Dooley, Janesville, Wis., and others, petitioning consideration of their resolution with reference to request for an impartial investigation of the Allis-Chalmers Manufacturing Co.'s behavior in an 11-month strike; to the Committee on Education and Labor.

### TUESDAY, MAY 13, 1947

The House was called to order by the Speaker.

The Journal of the proceedings of Monday, May 12, 1947, was read and approved.

### COMMUNICATION.

Executive and other communications, pursuant to clause 2, rule XXIV, were referred as follows.

675. A letter from the Director, Administrative Office of the United States Courts, transmitting a draft of a proposed bill to provide for the appointment of an additional circuit judge for the seventh judicial circuit; to the Committee on the Judiciary.

676. A letter from the Under Secretary of Agriculture, transmitting a report on the cooperation of the United States with Mexico in the control and eradication of foot-and-mouth disease; to the Committee on Agriculture.

677. A communication from the President of the United States, transmitting a revised estimate of appropriation for the fiscal year 1948 involving an increase of $8,850,000 for the Navy Department (H. Doc. No. 246); to the Committee on Appropriations and ordered to be printed.

### CALENDAR WEDNESDAY BUSINESS DISPENSED WITH

On motion of Mr. HALLECK, by unanimous consent,

Ordered, That business in order for consideration on Wednesday, May 14, 1947, under clause 7, rule XXIV, the Calendar Wednesday rule, be dispensed with.

### COMMITTEES GRANTED LEAVE TO SIT

By unanimous consent, committees were granted leave to sit during general debate in the House, as follows:

Committee on Interstate and Foreign Commerce, for today;

Committee on Banking and Currency, for today; and

Subcommittee No. 3 of the Committee on Merchant Marine and Fisheries, tomorrow.

### BILLS PRESENTED TO THE PRESIDENT

Mr. LeCOMPTE, from the Committee of House Administration, reported that that committee did on May 12, 1947, present to the President, for his approval, bills of the House of the following titles:

H. R. 450. An act providing for the conveyance to the town of Marblehead, in the State of Massachusetts, of Marblehead Military Reservation, for public use.

H. R. 1098. An act to authorize the segregation and expenditure of trust funds held in joint ownership by the Shoshone and Arapaho Tribes of the Wind River Reservation.

### STATE, JUSTICE, AND COMMERCE, AND JUDICIARY APPROPRIATION BILL, 1948

Mr. STEFAN moved that the House resolve itself into the Committee of the Whole House on the State of the Union for the consideration of the bill (H. R. 3311) making appropriations for the Departments of State, Justice, and Commerce, and the Judiciary, for the fiscal year ending June 30, 1948, and for other purposes.

Pending which,

On motion of Mr. STEFAN, by unanimous consent,

Ordered, That the time for general debate run on today, be equally divided

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 12 of 30

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and ~~ct~~ copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *[signature]* | |
| NAME Richard H. Hunt | DATE 05/11/07 |
| TITLE Director Center for Legislative Archives | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | |

NA FORM APR 85 1407-A

# JOURNAL OF THE SENATE

OF THE

# UNITED STATES OF AMERICA

———

## FIRST SESSION

OF THE

## EIGHTIETH CONGRESS

BEGUN AND HELD AT THE CITY OF WASHINGTON
JANUARY 3, 1947, IN THE ONE HUNDRED
AND SEVENTY-FIRST YEAR OF THE
INDEPENDENCE OF THE
UNITED STATES



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1948

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 14 of 30

# JOURNAL OF THE SENATE OF THE UNITED STATES OF AMERICA

The First Session of the Eightieth Congress commenced this day, conformably to the Constitution of the United States, and the Senate met in its Chamber at the city of Washington.

## FRIDAY, JANUARY 3, 1947

The office of President pro tempore being vacant by expiration of the term of Hon. Kenneth D. McKellar as Senator from the State of Tennessee,

The Secretary of the Senate (Hon. Leslie L. Biffle), under rule I, paragraph 2, called the Senate to order, and the Chaplain, Rev. Frederick Brown Harris, D. D., of Washington, D. C., offered prayer.

### SENATOR-ELECT FROM KENTUCKY

The Secretary laid before the Senate the credentials of John Sherman Cooper, duly chosen a Senator by the qualified electors of the State of Kentucky on November 5, 1946, to fill the vacancy in the term ending January 3, 1949, caused by the resignation of Hon. Albert Benjamin Chandler; which were ordered to be placed on file.

### SENATOR-ELECT FROM IDAHO

The Secretary laid before the Senate the credentials of Henry Dworshak, duly chosen a Senator by the qualified electors of the State of Idaho on November 5, 1946, to fill the vacancy in the term ending January 3, 1949, caused by the death of Hon. John Thomas; which were ordered to be placed on file.

### SENATOR-ELECT FROM VIRGINIA

The Secretary laid before the Senate the credentials of A. Willis Robertson, duly chosen a Senator by the qualified electors of the State of Virginia on November 5, 1946, to fill the vacancy in the term ending January 3, 1949, caused by the death of Hon. Carter Glass; which were ordered to be placed on file.

### SENATOR-ELECT FROM ALABAMA

The Secretary laid before the Senate the credentials of John Sparkman, duly chosen a Senator by the qualified electors of the State of Alabama on November 5, 1946, to fill the vacancy in the term ending January 3, 1949, caused by the death of Hon. John H. Bankhead; which were ordered to be placed on file.

### CREDENTIALS OF SENATORS-ELECT FOR 6-YEAR TERM

The credentials of the following Senators-elect, duly chosen by the qualified electors of their respective States for the term of 6 years beginning January 3, 1947, were laid before the Senate by the Secretary, and ordered to be placed on file:

Mr. Raymond E. Baldwin, from the State of Connecticut;

Mr. Theodore Gilmore Bilbo, from the State of Mississippi;

Mr. Owen Brewster, from the State of Maine;

Mr. John W. Bricker, from the State of Ohio;

Mr. Hugh Butler, from the State of Nebraska;

Mr. Harry F. Byrd, from the State of Virginia;

Mr. Harry P. Cain, from the State of Washington;

Mr. Dennis Chavez, from the State of New Mexico;

Mr. Tom Connally, from the State of Texas;

Mr. Zales N. Ecton, from the State of Montana;

Mr. Ralph E. Flanders, from the State of Vermont;

Mr. Spessard L. Holland, from the State of Florida;

Mr. Irving M. Ives, from the State of New York;

Mr. William E. Jenner, from the State of Indiana;

Mr. James P. Kem, from the State of Missouri;

Mr. Harley M. Kilgore, from the State of West Virginia;

Mr. William F. Knowland, from the State of California;

Mr. William Langer, from the State of North Dakota;

Mr. Henry Cabot Lodge, Jr., from the State of Massachusetts;

Mr. George W. Malone, from the State of Nevada;

Mr. Edward Martin, from the State of Pennsylvania;

Mr. Joseph R. McCarthy, from the State of Wisconsin;

Mr. Ernest W. McFarland, from the State of Arizona;

Mr. J. Howard McGrath, from the State of Rhode Island and Providence Plantations;

Mr. Kenneth D. McKellar, from the State of Tennessee;

Mr. Herbert R. O'Conor, from the State of Maryland;

Mr. Joseph C. O'Mahoney, from the State of Wyoming;

Mr. H. Alexander Smith, from the State of New Jersey;

Mr. Edward J. Thye, from the State of Minnesota;

Mr. Arthur H. Vandenberg, from the State of Michigan;

Mr. Arthur V. Watkins, from the State of Utah; and

Mr. John J. Williams, from the State of Delaware.

### SENATOR-ELECT FROM CONNECTICUT

The Secretary laid before the Senate the credentials of Raymond E. Baldwin, duly chosen a Senator by the qualified electors of the State of Connecticut on November 5, 1946, to fill the vacancy in the term ending January 3, 1947, caused by the death of Hon. Francis Maloney; which were ordered to be placed on file.

### SENATOR-DESIGNATE FROM VERMONT

The Secretary laid before the Senate the credentials of Ralph E. Flanders, duly appointed a Senator by the Governor of Vermont on November 1, 1946, to represent said State in the Senate of the United States for the term ending January 3, 1947, to fill the vacancy caused by the resignation of Hon. Warren R. Austin; which were ordered to be placed on file.

### SENATOR-ELECT FROM CALIFORNIA

The Secretary laid before the Senate the credentials of William F. Knowland, duly chosen a Senator by the qualified electors of the State of California on November 5, 1946, to fill the vacancy in the term ending January 3, 1947, caused by the death of Hon. Hiram W. Johnson; which were ordered to be placed on file.

### SENATOR-ELECT FROM OHIO

The Secretary laid before the Senate the credentials of Kingsley A. Taft, duly chosen a Senator on November 5, 1946, by the qualified electors of the State of Ohio, to fill the vacancy in the term ending January 3, 1947, caused by the

3

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 15 of 30

(c) The expenses of the committee, which shall not exceed $      , shall be paid one-half from the contingent fund of the Senate and one-half from the contingent fund of the House of Representatives, upon vouchers signed by the chairman or vice chairman. Disbursements to pay such expenses shall be made by the Secretary of the Senate out of the contingent fund of the Senate, such contingent fund to be reimbursed from the contingent fund of the House of Representatives in the amount of one-half of disbursements so made.

### FEDERAL LABOR RELATIONS ACT OF 1947

The Senate resumed the consideration of the bill (S. 1126) to amend the National Labor Relations Act, to provide additional facilities for the mediation of labor disputes affecting commerce, to equalize legal responsibilities of labor organizations and employers, and for other purposes.

The question being on agreeing to the amendment proposed by Mr. MURRAY (for himself and others) as a substitute for the bill, as amended,

Pending debate,

On motion by Mr. LANGER to further amend the bill by inserting on page 6, after line 24, provisions defining the terms "superintendent" and "assistant superintendent",

Pending debate,

### MESSAGE FROM THE HOUSE

A message from the House of Representatives by Mr. Maurer, one of its clerks:

*Mr. President:* The House of Representatives has passed each without amendment the following bills of the Senate:

S. 64. An act granting the consent of Congress for the construction of a dam across Dan River in North Carolina;

S. 132. An act to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes;

S. 214. An act to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project.

S. 273. An act to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for other purposes;

S. 460. An act to amend section 327 (h) of the Nationality Act of 1940; and

S. 534. An act to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services.

The House has passed the following bills in which it requests the concurrence of the Senate:

H. R. 84. An act to amend the Nationality Act of 1940, as amended;

H. R. 239. An act to further perfect the consolidation of the Lighthouse Service with the Coast Guard;

H. R. 1179. An act to aid in defraying the expenses of the Seventeenth Triennial Convention of the World's Woman's Christian Temperance Union to be held in this country in June 1947;

H. R. 1203. An act to provide compensation to persons performing the duties of postmasters at post offices of the fourth class during annual and sick leave of the postmasters;

H. R. 1237. An act to regulate the marketing of economic poisons and devices, and for other purposes;

H. R. 1362. An act to permit certain naval personnel to count all active service rendered under temporary appointment as warrant or commissioned officers in the United States Navy and the United States Naval Reserve, or in the United States Marine Corps and the United States Marine Corps Reserve, for purposes of promotion to commissioned warrant officer in the United States Navy or the United States Marine Corps, respectively;

H. R. 1371. An act to authorize the Secretary of the Navy to appoint, for supply duty only, officers of the line of the Marine Corps, and for other purposes;

H. R. 1412. An act to grant to the Arthur Alexander Post, No. 68, the American Legion, of Belzoni, Miss., all of the reversionary interest reserved to the United States in lands conveyed to said post pursuant to act of Congress approved June 29, 1938;

H. R. 1467. An act to amend the act entitled "An act to punish acts of interference with the foreign relations, the neutrality, and the foreign commerce of the United States, to punish espionage, and better to enforce the criminal laws of the United States, and for other purposes," of June 15, 1917, as amended, and the Alien Registration Act, 1940, to increase the penalties for violation of such acts;

H. R. 1565. An act to codify and enact into positive law, title 1 of the United States Code, entitled "General Provisions";

H. R. 1566. An act to codify and enact into positive law, title 6 of the United States Code, entitled "Flag and Seal, Seat of Government, and the States";

H. R. 1567. An act to codify and enact into positive law, title 6 of the United States Code, entitled "Official and Penal Bonds";

H. R. 1874. An act to amend the act entitled "An act to provide that the United States shall aid the States in the construction of rural post roads, and for other purposes," approved July 11, 1916, as amended and supplemented, and for other purposes;

H. R. 2054. An act to amend the act of April 14, 1930, to provide increased retired pay for certain members of the former Life Saving Service;

H. R. 2083. An act to codify and enact into positive law title 17 of the United States Code, entitled "Copyrights";

H. R. 2084. An act to codify and enact into positive law title 9 of the United States Code, entitled "Arbitration";

H. R. 2181. An act relating to institutional on-farm training for veterans;

H. R. 2237. An act to correct an error in section 342 (b) (8) of the Nationality Act of 1940, as amended;

H. R. 2331. An act to amend section 20a of the Interstate Commerce Act;

H. R. 2353. An act to authorize the patenting of certain public lands to the State of Montana or to the Board of County Commissioners of Hill County, Mont., for public-park purposes;

H. R. 2368. An act to amend paragraph 8 of part VII, Veterans Regulation No. 1 (a), as amended, to authorize an appropriation of $3,000,000 as a revolving fund in lieu of $1,500,000 now authorized, and for other purposes;

H. R. 2573. An act to authorize the Director of the United States Geological Survey to produce and sell copies of aerial or other photographs and mosaics, and photographic or photostatic reproductions of records, on a reimbursement of appropriations basis;

H. R. 2654. An act to authorize the Secretary of the Treasury to grant to the mayor and City Council of Baltimore, State of Maryland, a permanent easement for the purpose of installing, maintaining, and servicing a subterranean water main in, on, and across the land of the United States Coast Guard station called Lazaretto depot, Baltimore, Md.;

H. R. 3029. An act to provide for the acquisition of a site and for preparation of plans and specifications for a courthouse to accommodate the United States Court of Appeals for the District of Columbia and the District Court of the United States for the District of Columbia; and

H. R. 3190. An act to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

### HOUSE BILLS REFERRED

The bills this day received from the House of Representatives for concurrence were severally read the first and second times by unanimous consent.

*Ordered,* That the bills H. R. 84, H. R. 1467, H. R. 1565, H. R. 1566, H. R. 1567, H. R. 2083, H. R. 2084, H. R. 2237, and H. R. 3190 be referred to the Committee on the Judiciary;

That the bills H. R. 239, H. R. 2054, H. R. 2331, and H. R. 2654 be referred to the Committee on Interstate and Foreign Commerce;

That the bill H. R. 1179 be referred to the Committee on Foreign Relations;

That the bill H. R. 1203 be referred to the Committee on Civil Service;

That the bill H. R. 1237 be referred to the Committee on Agriculture and Forestry;

That the bills H. R. 1362 and 1371 be referred to the Committee on Armed Services;

App. 10

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 16 of 30

### MESSAGE FROM THE HOUSE

A message from the House of Representatives by Mr. Maurer, one of its clerks:

*Mr. President:* The House of Representatives insists upon its amendments to the bill (S. 938) to provide for assistance to Greece and Turkey; it agrees to the conference asked by the Senate on the disagreeing votes of the two Houses thereon, and has appointed Mr. Eaton, Mr. Mundt, Mr. Jonkman, Mr. Bloom, and Mr. Kee managers at the same on its part.

### RELIEF TO PEOPLE OF COUNTRIES DEVASTATED BY WAR

The Senate resumed the consideration of the joint resolution (H. J. Res. 153) providing for relief assistance to the people of countries devastated by war.

The question being on agreeing to the reported amendment, as amended, striking out all after the resolving clause and inserting in lieu thereof other words,

Pending debate,

### SENATORS EXCUSED FROM ATTENDANCE

The following-named Senators, on their own request, were excused from attendance upon the Senate for the periods indicated:

Mr. Langer, for 1 week;

Mr. Capehart, until Monday next;

Mr. Flanders, for the balance of the week;

Mr. Stewart, for a few days; and

Mr. McCarran, for 2 weeks.

### EXECUTIVE BUSINESS

During legislative session, certain executive business was transacted by unanimous consent, as in executive session.

### RECESS

On motion by Mr. White, at 7 o'clock and 43 minutes p. m.,

The Senate took a recess until 11 o'clock a. m. tomorrow.

## WEDNESDAY, MAY 14, 1947

*(Legislative day of Monday, April 21, 1947)*

The PRESIDENT pro tempore called the Senate to order at 11 o'clock a. m., and the Chaplain offered prayer.

### JOURNAL

On motion by Mr. White, and by unanimous consent,

The Journal of the proceedings of Tuesday, May 13, 1947, was approved.

### MESSAGE FROM THE HOUSE

A message from the House of Representatives by Mr. Swanson, one of its clerks:

*Mr. President:* The Speaker of the House of Representatives having signed six enrolled bills, viz, S. 64, S. 132, S. 214, S. 273, S. 460, and S. 534, I am directed to bring the same to the Senate for the signature of its President.

The President of the United States has informed the House that he approved and signed the following acts:

On April 16, 1947:

H. R. 1943. An act to establish a permanent Nurse Corps of the Army and the Navy and to establish a Women's Medical Specialist Corps in the Army.

On April 25, 1947:

H. R. 731. An act to establish the Theodore Roosevelt National Memorial Park; to erect a monument in memory of Theodore Roosevelt in the village of Medora, N. Dak., and for other purposes.

On April 29, 1947:

H. R. 2404. An act to suspend certain import taxes on copper.

On May 1, 1947:

H. R. 2849. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1947, and for other purposes.

### ENROLLED BILLS SIGNED

The Secretary reported that he had examined and found truly enrolled the following bills:

S. 64. An act granting the consent of Congress for the construction of a dam across Dan River in North Carolina;

S. 132. An act to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes;

S. 214. An act to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project;

S. 273. An act to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for other purposes;

S. 460. An act to amend section 327 (h) of the Nationality Act of 1940; and

S. 534. An act to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services.

The PRESIDENT pro tempore thereupon signed the same.

### QUESTION OF QUORUM

Mr. White raised a question as to the presence of a quorum;

Whereupon

The PRESIDENT pro tempore directed the roll to be called;

When

Eighty-four Senators answered to their names, as follows:

| | | |
|---|---|---|
| Aiken | Downey | Jenner |
| Ball | Dworshak | Johnson, Colo. |
| Barkley | Eastland | Johnston, S. C. |
| Brewster | Ecton | Kem |
| Bricker | Ellender | Kilgore |
| Bridges | Ferguson | Knowland |
| Brooks | Fulbright | Lodge |
| Buck | George | Lucas |
| Bushfield | Green | McCarthy |
| Butler | Gurney | McClellan |
| Byrd | Hatch | McFarland |
| Cain | Hawkes | McGrath |
| Capper | Hayden | McKellar |
| Chavez | Hickenlooper | McMahon |
| Connally | Hill | Magnuson |
| Cooper | Hoey | Malone |
| Cordon | Holland | Martin |
| Donnell | Ives | Maybank |

| | | |
|---|---|---|
| Millikin | Robertson, Va. | Tydings |
| Moore | Robertson, Wyo. | Umstead |
| Morse | Russell | Vandenberg |
| Murray | Saltonstall | Watkins |
| Myers | Smith | Wherry |
| O'Conor | Sparkman | White |
| O'Daniel | Taft | Wiley |
| O'Mahoney | Taylor | Williams |
| Pepper | Thomas, Okla. | Wilson |
| Reed | Thye | Young |

A quorum being present,

### COMMITTEES AUTHORIZED TO SIT DURING THE SESSION OF THE SENATE

The following committees were authorized to sit during the session of the Senate, on today:

A subcommittee of the Committee on the Judiciary considering a nomination, and another subcommittee of the same committee considering S. 104; on the request of Mr. Wiley; and

The Committee on Rules and Administration; on the request of Mr. Brooks.

### SENATORS EXCUSED FROM ATTENDANCE

Mr. Cain and Mr. Hatch, on their own request, were excused from attendance upon the Senate for tomorrow.

### REPORT ON COOPERATION OF UNITED STATES WITH MEXICO IN CONTROL AND ERADICATION OF FOOT-AND-MOUTH DISEASE

The PRESIDENT pro tempore laid before the Senate a communication from the Under Secretary of Agriculture, transmitting, pursuant to law, a report on cooperation of the United States with Mexico in the control and eradication of foot-and-mouth disease, under the act of February 28, 1947, for the 30-day period ended April 29, 1947; which, with the accompanying report, was referred to the Committee on Agriculture and Forestry.

### TRANSFER OF NAVY VESSEL

The PRESIDENT pro tempore laid before the Senate a communication from the Secretary of the Navy, transmitting, pursuant to law, a report of the transfer of the U. S. S. *Texas* to the State of Texas under the provisions of section 1 of the act of August 7, 1946; which was referred to the Committee on Armed Services.

### EXPORT-IMPORT BANK OF WASHINGTON AUDIT REPORTS OF 1945 AND 1946

The PRESIDENT pro tempore laid before the Senate two communications from the Comptroller General of the United States, transmitting, pursuant to law, two audit reports of the Export-Import Bank of Washington for the fiscal years ended June 30, 1945, and 1946, respectively; which, with the accompanying reports, were referred to the Committee on Expenditures in the Executive Departments.

### SUPPLEMENTAL ESTIMATE OF APPROPRIATION

The PRESIDENT pro tempore laid before the Senate a communication from the President of the United States, together with a letter from the Acting Director of the Bureau of the Budget, transmitting, pursuant to law, supplemental estimates of appropriations for

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 17 of 30

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, ...er the seal of the National Archives of the United States, that the attached reproduction(s) is a true and ... copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *Richard H. Hunt* (signature) | |
| NAME | DATE |
| Richard H. Hunt | 05/11/07 |
| TITLE Director Center for Legislative Archives | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | |

NA FORM APR 85 1407-A

# JOURNAL

OF THE

# HOUSE OF REPRESENTATIVES
# OF THE UNITED STATES

## EIGHTIETH CONGRESS
## SECOND SESSION

BEGUN AND HELD AT THE CITY OF
WASHINGTON : : JANUARY 6, 1948

IN THE ONE HUNDRED AND SEVENTY-SECOND YEAR
OF THE INDEPENDENCE OF THE UNITED STATES



Prepared for John Andrews, Clerk of the House of Representatives, by Eugene F. Sharkoff,
Journal Clerk; Raymond P. Johnson and Thomas Cleary, Assistants

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1949

# JOURNAL

OF THE

# HOUSE OF REPRESENTATIVES

## CONGRESS OF THE UNITED STATES

Begun and held at the Capitol, in the city of Washington, in the District of Columbia, on Tuesday, the 6th day of January, in the year of our Lord nineteen hundred and forty-eight, being the *second session* of the EIGHTIETH CONGRESS, held under the Constitution of the Government of the United States, and in the one hundred and seventy-second year of the Independence of the United States.

---

## TUESDAY, JANUARY 6, 1948

On which day, being the day fixed by Public Law 358, Eightieth Congress, first session, approved August 4, 1947, and by the Constitution of the United States, as amended, for the meeting of Congress, JOSEPH W. MARTIN, Jr. (a Representative from the State of Massachusetts) the Speaker, called the House to order.

### RESIGNATION OF MEMBER

The SPEAKER laid before the House the following communication, which was read, as follows:

DECEMBER 30, 1947.

Hon. JOSEPH W. MARTIN, Jr.,
*Speaker, House of Representatives,
Washington, D. C.*

MY DEAR MR. SPEAKER: This is to advise you that I have this date tendered to the Governor of New York my resignation as Representative of the Twenty-fourth Congressional District of the State of New York in the Congress of the United States, such resignation to take effect at midnight of December 31, 1947.

Sincerely yours,

BENJAMAN J. RABIN.

By direction of the Speaker, the roll of Members was called alphabetically, when the following Members answered to their names:

[Roll No. 1]

Abernethy
Albert
Allen, Calif.
Allen, Ill.
Almond
Andersen,
  H. Carl
Anderson, Calif.
Andrews, Ala.
Andrews, N. Y.
Angell
Arends
Arnold
Auchincloss
Bakewell
Banta
Barrett
Bates, Mass.

Battle
Beall
Beckworth
Bender
Bennett, Mo.
Bishop
Blackney
Bland
Bloom
Boggs, Del.
Bolton
Bonner
Bradley
Brehm
Brooks
Brophy
Brown, Ga.
Bryson

Buchanan
Buck
Buckley
Buffett
Bulwinkle
Burke
Burleson
Butler
Byrne, N. Y.
Byrnes, Wis.
Camp
Canfield
Cannon
Carroll
Case, N. J.
Chadwick
Chelf
Chenoweth

Church
Clason
Clevenger
Coffin
Cole, Kans.
Cole, Mo.
Cole, N. Y.
Colmer
Cooper
Corbett
Cotton
Coudert
Courtney
Cox
Crawford
Crosser
Crow
Cunningham
Dague
Davis, Ga.
Davis, Tenn.
Davis, Wis.
Dawson, Utah
Deane
Delaney
Dingell
Dirksen
Dolliver
Dondero
Donohue
Dorn
Doughton
Eaton
Eberharter
Ellis
Eisnesser
Engel, Mich.
Engle, Calif.
Evins
Fallon
Fellows
Fenton
Fisher
Flannagan
Fletcher
Folger
Foote
Forand
Fulton
Garmatz
Gary
Gathings
Gavin
Gearhart
Gillette
Goff
Goodwin
Gordon
Gore
Graham
Grant Ind.
Griffiths
Gross
Gwinn, N. Y.
Gwynne, Iowa
Hagen
Hale

Hall,
  Edwin Arthur
Hall,
  Leonard W.
Halleck
Hand
Hardy
Harness, Ind.
Harrison
Hart
Hartley
Harvey
Havenner
Hays
Hedrick
Heffernan
Herter
Heselton
Hess
Hill
Hoffman
Holmes
Hope
Horan
Huber
Jackson, Calif.
Javits
Jenison
Jenkins, Ohio
Jensen
Johnson, Ill.
Johnson, Ind.
Johnson, Okla.
Jones Ala.
Jones N. C.
Jones, Wash.
Jonkman
Judd
Karsten, Mo.
Kean
Kearney
Kearns
Keating
Kee
Keefe
Kelley
Kennedy
Keogh
Kerr
Kilday
Kirwan
Klein
Knutson
Kunkel
Landis
Lane
Lanham
Latham
Lea
Lesinski
Lewis
Lichtenwalter
Lodge
Love
Lucas
Ludlow
Lusk

Lyle
Lynch
McConnell
McCowen
McCulloch
McDonough
McDowell
McGarvey
McGregor
McMahon
McMillan, S. C.
Mack
Macy
Madden
Mahon
Maloney
Manasco
Martin, Iowa
Mason
Mathews
Meade, Ky.
Meade, Md.
Merrow
Meyer
Michener
Miller, Conn.
Miller, Md.
Mills
Mitchell
Morgan
Morton
Muhlenberg
Multer
Murdock
Murray, Wis.
Nicholson
Nixon
Nodar
Norblad
Norrell
O'Brien
O'Hara
Owens
Pace
Passman
Patman
Patterson
Peden
Peterson
Pfeifer
Philbin
Phillips Calif.
Phillips, Tenn.
Pickett
Plumley
Pouge
Potter
Potts
Preston
Price, Fla.
Price, Ill.
Priest
Rains
Ramey
Rankin
Rayburn
Reed, N. Y.

Rees
Regan
Rich
Riley
Rizley
Robertson
Robsion
Rockwell
Rogers, Fla.
Rogers, Mass.
Rohrbough
Rooney
Ross
Russell
Sadlak
St. George
Sanborn
Sarbacher
Sasscer
Schwabe, Okla.
Scoblick
Scott, Hardie
Scott,
  Hugh D., Jr.

Scrivner
Seely-Brown
Sheppard
Short
Sikes
Simpson, Pa.
Smathers
Smith, Kans.
Smith, Maine
Smith, Ohio
Smith, Va.
Smith, Wis.
Snyder
Somers
Spence
Stefan
Stigler
Stratton
Sundstrom
Taber
Talle
Teague
Thomas, N. J.
Thompson

Tibbot
Tollefson
Twyman
Vail
Van Zandt
Vinson
Vorys
Wadsworth
Weichel
Welch
Wheeler
Whitten
Wigglesworth
Williams
Wilson, Ind.
Wilson, Tex.
Winstead
Wolcott
Wood
Woodruff
Worley
Youngblood
Zimmerman

Thereupon the Speaker announced that 322 Members had answered to their names, a quorum.

### COMMUNICATIONS

Executive and other communications, pursuant to clause 2, rule XXIV, were referred as follows:

1160. A letter from the Chairman of the Board of Directors of the Tennessee Valley Authority, transmitting the fourteenth annual report, covering the activities of the Authority during the fiscal year beginning July 1, 1946, and ending June 30, 1947; to the Committee on Public Works.

1161. A letter from the director, national legislative commission, the American Legion, transmitting the financial statement of the American Legion up to and including October 31, 1947; to the Committee on Veterans' Affairs.

1162. A letter from the Acting Secretary of the Navy, transmitting a report, as required by Public Law 313, Eightieth Congress, approved August 1, 1947, which authorized the creation of additional positions in the professional and scientific service; to the Committee on Post Office and Civil Service.

3

*61*

App. 14

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 20 of 30

Page 48, strike out lines 8, 9, 10, and 11 and insert:

*(g) The term "organized unit" when used with respect to a Reserve component shall be deemed to mean a unit in which the members thereof satisfactorily participate in scheduled drills and training periods as prescribed by the Secretary of Defense.*

Page 49, strike out all of sections 22 and 23 and insert:

*Sec. 22. The Congress declares in accordance with our traditional military policy as expressed in the National Defense Act of 1916, as amended, that it is essential that the strength and organization of the National Guard, both ground and air, as an integral part of the first-line defenses of this Nation, be at all times maintained and assured. To this end it is the intent of the Congress that whenever Congress shall determine that units and organizations are needed for the national security in excess of those of the Regular components of the Ground Forces and the Air Forces, and those in active service under this Act, the National Guard of the United States, both ground and air, or such part thereof as may be necessary for a balanced force, shall be ordered to active Federal service and continued therein so long as such necessity exists.*

*Sec. 23. This Act shall be effective upon its enactment.*

The bill, as amended, was ordered to be engrossed and read a third time.

Mr. MARCANTONIO demanded the reading of the engrossed copy of said bill.

RECESS

On motion of Mr. HALLECK, at 8 o'clock and 12 minutes p. m., the House stood in recess until 10 o'clock a. m. on Friday, June 18, 1948.

FRIDAY, JUNE 18, 1948

*(Legislative day of Thursday, June 17, 1948)*

AFTER RECESS

The SPEAKER called the House to order at 10 o'clock a. m.

FURTHER MESSAGE FROM THE SENATE

A still further message from the Senate, by Mr. Frazier, its legislative clerk, announced that the Senate had passed, with amendments in which the concurrence of the House is requested, a bill of the House of the following title:

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes.

The message also announced that the Senate insists upon its amendments to the foregoing bill, requests a conference with the House on the disagreeing votes of the two Houses thereon, and appoints Mr. GURNEY, Mr. BROOKS, Mr. REED, Mr. FERGUSON, Mr. BRIDGES, Mr. THOMAS of Oklahoma, Mr. HAYDEN, and Mr. RUSSELL to be the conferees on the part of the Senate.

The message also announced that the Senate had passed, with amendments in which the concurrence of the House is requested, a bill of the House of the following title:

H. R. 6248. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes.

The message also announced that the Senate insists upon its amendments to the foregoing bill, requests a conference with the House on the disagreeing votes of the two Houses thereon, and appoints Mr. AIKEN, Mr. YOUNG, Mr. THYE, Mr. THOMAS of Oklahoma, and Mr. ELLENDER to be the conferees on the part of the Senate.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the House to a joint resolution (S. J. Res. 117) entitled "Joint resolution providing for acceptance by the United States of America of the Constitution of the International Labor Organization Instrument of Amendment, and further authorizing an appropriation for payment of the United States share of the expenses of membership and for expenses of participation by the United States."

CORRECTION OF ROLL CALLS

On motion of Mr. BLATNIK, by unanimous consent, roll call No. 111 was corrected to show him voting in the negative.

On motion of Mr. DAVIS of Wisconsin, by unanimous consent, roll call No. 113 was corrected to show him present.

FOOD, DRUG, AND COSMETIC ACT

Mr. LEONARD W. HALL submitted a conference report (Rept. No. 2400) on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 4071) to amend sections 301 (k) and 304 (a) of the Federal Food, Drug, and Cosmetic Act, as amended, together with a statement thereon for printing in the Record under the rule.

MILITARY ESTABLISHMENT APPROPRIATIONS, 1949

On motion of Mr. ENGEL of Michigan, by unanimous consent, the bill (H. R. 6771) making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes, together with the amendments of the Senate thereto, was taken from the Speaker's table.

When, on motion of Mr. ENGEL of Michigan,

*Resolved,* That the House disagree to the amendments of the Senate to said bill and agree to the conference asked by the Senate on the disagreeing votes of the two Houses thereon.

Thereupon the Speaker announced the appointment of Messrs. ENGEL of Michigan, CASE of South Dakota, TIBBOTT, SCRIVNER, KERR, MAHON, and NORRELL managers on the part of the House at said conference.

*Ordered,* That the Clerk notify the Senate thereof.

SELECTIVE SERVICE

The SPEAKER laid before the House the unfinished business, being the reading of the engrossed copy of the bill H. R. 6401.

Mr. MARCANTONIO withdrew his demand for the reading of the engrossed copy of said bill.

The bill was then read a third time by title.

Mr. PHILBIN moved to recommit the bill to the Committee on Armed Services.

On motion of Mr. ANDREWS of New York the previous question was ordered on the motion to recommit to its adoption or rejection.

The question being put, viva voce,

Will the House recommit said bill?

The SPEAKER announced that the nays had it.

Mr. MARCANTONIO objected to the vote on the ground that a quorum was not present and not voting.

A quorum not being present,

The roll was called under clause 4, rule XV.

When there appeared —— { Yeas—— 125
                              Nays—— 263

[Roll No. 118]

Those voting in the affirmative—

| | | |
|---|---|---|
| Allen, Ill. | Gillie | Morris |
| Andersen, H. Carl | Granger | Murray, Wis. |
| Andresen, August H. | Grant, Ind. | Nicholson |
| | Griffiths | Nodar |
| Arnold | Gross | O'Hara |
| Banta | Gwynne, Iowa | O'Konski |
| Barden | Hagen | Pfeifer |
| Beall | Harness, Ind. | Philbin |
| Bender | Havenner | Powell |
| Bishop | Heffernan | Rankin |
| Blatnik | Hill | Reed, Ill. |
| Bloom | Hoeven | Reed, N. Y. |
| Bolton | Hoffman | Rees |
| Bradley | Holifield | Rich |
| Brehm | Horan | Rockwell |
| Buffett | Hull | Rooney |
| Busbey | Isacson | Sabath |
| Butler | Jenison | Sadowski |
| Carson | Jenkins, Ohio | Schwabe, Mo. |
| Celler | Johnson, Ill. | Schwabe, Okla. |
| Chenoweth | Johnson, Ind. | Scoblick |
| Chiperfield | Jones, Wash. | Scott, Hardie |
| Church | Keefe | Scott, |
| Clevenger | Keogh | Hugh D., Jr. |
| Clippinger | Klein | Shafer |
| Cole, Mo. | Knutson | Short |
| Crosser | Landis | Simpson, Ill. |
| Crow | Lemke | Smith, Kans. |
| Cunningham | Lewis, Ohio | Smith, Ohio |
| Davis, Wis. | Love | Smith, Wis. |
| Dawson, Utah | McCowen | Snyder |
| Delaney | McCulloch | Somers |
| Doliver | McGarvey | Stanley |
| Donohue | McGregor | Stefan |
| Doughton | Madden | Stevenson |
| Douglas | Maloney | Stratton |
| Elliott | Mansfield | Twyman |
| Ellis | Marcantonio | Vail |
| Eisenesser | Martin, Iowa | Vursell |
| Felghan | Mason | Welchel |
| Folger | Miller, Conn. | Welch |
| Gallagher | Miller, Nebr. | Youngblood |
| | Mitchell | |

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 21 of 30

,hereupon, at my request, the Attorney General on March 19 instituted an action and obtained an injunction in the United States District Court for the Eastern District of Tennessee. This order enjoined both the Corporation and the Council, and all persons in active participation with them, from engaging in any strike or lock-out or from interfering with normal continuance of work, or from making any change in terms or conditions of employment other than by mutual agreement.

On March 24 I reconvened the Board of Inquiry. Negotiations between the parties continued, with the assistance of the Federal Mediation and Conciliation Service. On May 18 the Board of Inquiry submitted to me its second report, stating that the position of the parties remained unaltered and the dispute unsettled.

On June 1 and 2 the National Labor Relations Board conducted a secret ballot of the employees to ascertain whether they wished to accept the final offer of settlement as stated and made by the employer. The employees, by a vote of 771 to 26, rejected the employer's last offer. On June 7 the National Labor Relations Board certified to the Attorney General the results of this election. On June 8 the employees at a union meeting took action looking to a possible stoppage if the injunction were lifted and if the employer unilaterally placed in effect the terms proposed in its final offer.

On June 10, pursuant to section 210 of the Labor Management Relations Act, the Attorney General moved the court to discharge the injunction. The injunction was discharged on June 11.

During this period, the parties continued negotiations, with the assistance of the Federal Mediation and Conciliation Service. On June 15 the parties reached agreement on the terms of a new contract.

All parties to this dispute and the Government agencies concerned complied with all legal and procedural requirements of title II of the Labor Management Relations Act, 1947.

A number of additional facts concerning this dispute are set forth in the first and second reports of the board of inquiry. Copies of these reports are transmitted to the Congress with this message.

Both parties are to be commended for achieving settlement of this dispute without an interruption of work.

The dispute at Oak Ridge has raised some question, nevertheless, as to the sufficiency of present collective-bargaining methods in atomic-energy installations.

This question is somewhat different from others which have arisen in the past. On the one hand, it is clear that the national security and the development of the beneficial arts and sciences are bound up with the progress of our atomic-energy program. Thus, every dispute which threatens to seriously impair that program imperils the national health and safety.

On the other hand, it is equally clear that the progress of our atomic-energy program requires the support and drive of broad sectors of the American economy. In order to encourage such support, the Atomic Energy Commission has lodged in its contractors a large measure of responsibility and authority. The progress of the program is equally dependent upon the full and willing support of the men and women who work in atomic-energy plants and laboratories.

Under these circumstances, it is imperative that the most successful techniques of the collective-bargaining process should be adopted for the atomic-energy program.

The objective should be twofold: The parties should continue to enjoy the maximum of voluntary action and freedom of choice; secondly, the public interest must be protected at all times.

I believe that special study should be given to the problem of peaceful and orderly settlement of labor disputes in Government-owned, privately operated atomic-energy installations, such as those at Richland, Wash.; Oak Ridge, Tenn.; Los Alamos, N. Mex.; the Argonne National Laboratory, Chicago, Ill.; and others.

I propose, therefore, to establish a commission composed of men having expert knowledge in the field of labor relations, to study this problem and to make such recommendations as they may find necessary. The commission should explore the question whether any special legislation should be enacted to protect the national interest without depriving management or labor organizations of the initiative and freedom necessary for the progress of our atomic-energy program. The commission should study ways and means of adapting to the atomic-energy program the best of our experience in the complex field of labor relations. The commission should concern itself also with special aspects of the problem, such as questions of bargaining representation, uniformity of working conditions and wages, and procedures for grievance handling.

The commission should concern itself, in short, with the broad code of conduct which should be observed by management and labor in their relations with each other in this vital program.

In appointing this commission I shall request the advice of the Atomic Energy Commission and the Joint Committee on Atomic Energy both as to the membership of the commission and the specific questions to be studied.

I believe that the report of this commission, which should be submitted as soon as possible, will be of great value in guiding contractors, labor organizations, and the Government in this new and vital field. I am confident that this is the best avenue to follow to achieve and maintain that proper balance between freedom and responsibility which is the tradition in all our economic relations, including those between management and labor.

HARRY S. TRUMAN.
THE WHITE HOUSE, June 18, 1948.

The message was referred to the Committee on Education and Labor and ordered to be printed.

MESSAGE FROM THE SENATE

A further message from the Senate by Mr. Carrell, one of its clerks, announced that the Senate had passed, with amendments in which the concurrence of the House is requested, bills of the House of the following titles:

H. R. 3190. An act to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

H. R. 5710. An act to amend the Act entitled "An act to expedite the provision of housing in connection with national defense, and for other purposes," approved October 14, 1940, as amended.

The message also announced that the Senate insists upon its amendment to the foregoing bill, requests a conference with the House on the disagreeing votes of the two Houses thereon, and appoints Mr. CAIN, Mr. BUCK, and Mr. FULBRIGHT to be the conferees on the part of the Senate.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the Senate to the bill (H. R. 2192) entitled "An act for the relief of the Massman Construction Company."

The message also announced that the Senate had passed without amendment bills and joint resolutions of the House of the following titles:

H. R. 333. An act for the relief of sundry residents of Alaska, veterans of World War II.

H. R. 371. An act for the relief of Jenness C. Thomas.

H. R. 564. An act for the relief of Sarah Lee Cregg.

H. R. 700. An act for the relief of Anthony Arancio.

H. R. 851. An act for the relief of Adney W. Gray.

H. R. 911. An act for the relief of Kam Fong Chun, Mr. and Mrs. Jose Dias, Joseph De Souza, Mr. and Mrs. Kenneth Ayres, and Jose Oducado.

H. R. 912. An act for the relief of Hiro Higa and Kana Higa.

H. R. 1220. An act for the relief of James Sigler and Frederick P. Vogelsland III.

H. R. 1409. An act for the relief of Frantisek Jiri Pavlik or Georg Pavlik.

H. R. 1490. An act for the relief of the United States Radiator Corp. of Detroit, Mich.

H. R. 1642. An act for the relief of Miss Rosella M. Kostenbader.

H. R. 1779. An act for the relief of the Winona Machine & Foundry Co., a corporation of Winona, Minn.

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 22 of 30

read a third time, was read a third time by title, and passed.

A motion to reconsider the vote whereby said bill was passed was, by unanimous consent, laid on the table.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

### AMENDING SECTIONS 3108 AND 3250 OF INTERNAL REVENUE CODE

On motion of Mr. GRANT of Indiana, by unanimous consent, the Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 6800) to amend sections 3108 and 3250 of the Internal Revenue Code, and for other purposes.

When said bill was considered and read twice, ordered to be engrossed and read a third time, was read a third time by title, and passed.

A motion to reconsider the vote whereby said bill was passed was, by unanimous consent, laid on the table.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

### CRIMES AND CRIMINAL PROCEDURE

On motion of Mr. REED of Illinois, by unanimous consent, the bill (H. R. 3190) to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure," together with the following amendments of the Senate thereto, was taken from the Speaker's table:

Page 3, following "13. Laws of States adopted for areas within Federal jurisdiction." insert *14. Applicability to Canal Zone.*

Page 5, line 4, after "States", insert *, except the Canal Zone.*

Page 8, after line 15 insert:

*§ 14. Applicability to Canal Zone.*

*In addition to the sections of this title which by their terms apply to and within the Canal Zone, the following sections of this title shall likewise apply to and within the Canal Zone: 6, 8, 11, 331, 371, 472, 474, 478, 479, 480, 481, 482, 483, 485, 488, 489, 490, 499, 502, 506, 594, 595, 598, 600, 601, 604, 605, 608, 611, 612, 703, 756, 791, 792, 793, 794, 795, 796, 797, 915, 917, 951, 953, 954, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 1017, 1073, 1301, 1364, 1382, 1542, 1543, 1544, 1546, 1584, 1621, 1622, 1761, 1821, 1914, 2151, 2152, 2153, 2154, 2155, 2156, 2199, 2231, 2234, 2235, 2274, 2275, 2277, 2384, 2385, 2388, 2389, 2390, 2421, 2422, 2423, 2424, 3059, 3105, 3109.*

Page 91, strike out "610. Contributions by national banks or corporations." and insert *610. Contributions or expenditures by national banks, corporations or labor organizations.*

Page 104, strike out lines 4 to 21, inclusive, and insert:

*§ 610. Contributions by National Banks, Corporations or Labor Organizations*

*It is unlawful for any national bank, or any corporation organized by authority of any law of Congress, to make a* contribution or expenditure in connection with any election to any political office, or in connection with any primary election or political convention or caucus held to select candidates for any political office, or for any corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commission to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, or for any candidate, political committee, or other person to accept or receive any contribution prohibited by this section.

*Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; and every officer or director of any corporation, or officer of any labor organization, who consents to any contribution or expenditure by the corporation or labor organization, as the case may be, in violation of this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.*

*For the purposes of this section "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rate of pay, hours of employment, or conditions of work.*

Page 117, line 8, strike out all after "receiver," down to and including "System," in line 15.

Page 118, line 18, strike out all after "care," down to and including "institution," in line 23.

Page 134, line 19, after "both", insert *; or if he negligently suffers such person to escape, he shall be fined not more than $500 or imprisoned not more than one year, or both.*

Page 158, after line 12, insert *While any foreign government is a member both of the International Monetary Fund and of the International Bank for Reconstruction and Development, this section shall not apply to the sale or purchase of bonds, securities, or other obligations of such government or any political subdivision thereof or of any organization or association acting for or on behalf of such government or political subdivision, or to making of any loan to such government, political subdivision, organization, or association.*

Page 367, strike out lines 15 to 18, inclusive, and insert *The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.*

*Nothing in this title shall be held to take away or impair the jurisdiction of* the courts of the several States under the laws thereof.

Page 415, line 10, after "Zone,", insert *District of Columbia,*

Page 415, after line 17, insert:

*Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.*

Page 416, after line 21, insert:

*Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.*

Page 448, lines 24 and 25, strike out "the Revised Statutes (1 U. S. C., sec. 1)" and insert *Title 1 of the United States Code.*

Page 456, strike out lines 3 to 21, inclusive.

Page 456, line 22, strike out "19" and insert *18.*

Page 457, line 3, strike out "20" and insert *19.*

Page 457, strike out lines 8 to 15, inclusive, and insert:

*Sec. 20. This Act shall take effect September 1, 1948.*

Page 457, line 16, strike out "22" and insert *21.*

Page 463, about middle of page, strike out

"July 3..........| 128| 4, 5| 40|765, 750| 16| 705, 705"

Page 467, below middle of page, strike out

| "June 20.........| 634| | 4| 489| 1556| 16| 706 |
| Do...........| 635| 1, 2| 49| 1557| 22| | 243" |

and insert

| June 20.........| 655| 1, 2| 49| 1557| 22| $48 |

Page 470, after

"June 8.........| 178| 1, 2, 3| 59|234, 235| 18| 241, 241a, 242"

insert:

| July 31.........| 539| 9| 59| 616| 31| 804b |

Page 471, at the end of the schedule of repeals on this page, insert:

| 1947—Apr. 16..| 59|.......| 61| | 58| 18| 411 |
| May 16..| 73|.......| 61| | 97| 18| 748–1 |
| June 81..| 171|.......| 61| | 154| 18| 844 |
| June 25..| 180|.....| 30d| 61| | 150| 4| 851 |

When, on motion of Mr. REED of Illinois, said Senate amendments were concurred in.

A motion to reconsider the vote whereby said Senate amendments were concurred in was, by unanimous consent, laid on the table.

*Ordered,* That the Clerk notify the Senate thereof.

### BUREAU OF RECLAMATION EMERGENCY FUND

On motion of Mr. WELCH, by unanimous consent, the bill (H. R. 3215) to authorize an emergency fund for the Bureau of Reclamation to assure the continuous operation of its irrigation and power systems, together with the following amendment of the Senate thereto, was taken from the Speaker's table.

After line 10, insert:

*Sec. 2. The term "unusual or emergency conditions", as used in this Act, shall be construed to mean canal bank*

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 23 of 30

cases; to the Committee on the Judiciary.

By Mr. HARNESS of Indiana:

H. Res. 691. Resolution authorizing the appointment of a select committee to conduct a study and investigation of the organization, personnel, and activities of the Federal Communications Commission; to the Committee on Rules.

By Mrs. ROGERS of Massachusetts:

H. Res. 693. Resolution providing for the consideration of H. R. 6958; to the Committee on Rules.

H. Res. 694. Resolution providing for the further expenses for conducting the study and inspection authorized by House Resolution 120 of the Eightieth Congress; to the Committee on House Administration.

PRIVATE BILLS AND RESOLUTIONS

Under clause 1 of rule XXII, private bills and resolutions were introduced and severally referred as follows:

By Mr. BLAND:

H. R. 6991. A bill for the relief of Hampton Institute; to the Committee on the Judiciary.

By Mr. GAMBLE:

H. R. 6992. A bill for the relief of the estate of James J. Barnett, deceased; to the Committee on the Judiciary.

By Mr. KLEIN:

H. R. 6993. A bill for the relief of Leonid Zankowsky; to the Committee on the Judiciary.

H. R. 6994. A bill for the relief of Gronislav Vydaevich; to the Committee on the Judiciary.

H. R. 6995. A bill to authorize the admission of Mrs. Julia Balint to the United States; to the Committee on the Judiciary.

By Mr. MANSFIELD:

H. R. 6996. A bill for the relief of the Montana Engineering & Construction Co.; to the Committee on the Judiciary.

By Mr. REEVES:

H. R. 6997. A bill for the relief of Ferd Owen, Berdie Owen, Gilbert Good, Lela Owen Good, Audit Owen, Wayne Owen, Art Owen, Has Owen, Marvin Owen, and Gene Owen, doing business as Owen Bros.; to the Committee on the Judiciary.

By Mrs. ST. GEORGE:

H. R. 6998. A bill for the relief of Janos and Marianne Mero Somogyi; to the Committee on the Judiciary.

PETITIONS, ETC.

Under clause 1 of rule XXII, petitions and papers were laid on the Clerk's desk and referred as follows:

2105. By the Speaker: Petition of New York Teachers Chapter, American Veterans Committee, petitioning consideration of their resolution with reference to endorsement of the Taft-Ellender-Wagner housing bill; to the Committee on Banking and Currency.

2106. By Mr. CASE of South Dakota: Petition of Mrs. Isaac De Haan, Corsica,

S. Dak., and 14 others, urging the defeat of any legislation proposing the establishing of a universal military training program; to the Committee on Armed Services.

2107. By Mr. GRAHAM: Petition of 17 members of the Winfield Township WCTU, of Butler County, Pa., opposing the Towe bill, H. R. 4278, or recommending prohibiting the sale of beer to trainees, especially those under the age of 21 years; to the Committee on Armed Services.

2108. By Mr. SMITH of Wisconsin: Resolution adopted at Twenty-third Annual Convention of Central Retail Feed Association, Milwaukee, Wis., favoring a change to the hundredweight system for grain; to the Committee on Agriculture.

2109. Also, resolution adopted by Upper Mississippi Valley Water Use Council at its meeting held in Dubuque on June 4, urging Congress to adequately support the United States Geological Survey's program of water investigations; to the Committee on Agriculture.

2110. Also, resolution adopted at Twenty-third Annual Convention of Central Retail Feed Association, Milwaukee, Wis., endorsing legislation to bring into the open all groups whose aim is to overthrow our constitutional form of government; to the Committee on Un-American Activities.

2111. Also, resolution adopted at Twenty-third Annual Convention of Central Retail Feed Association, Milwaukee, Wis., endorsing all legislation which is designed to keep the Commodity Credit Corporation from competing with private business; to the Committee on Banking and Currency.

2112. By Mr. SABBATH: Memorial of the City Council of the City of Chicago, memorializing Congress to provide appropriations for the operation of air-traffic control towers by the Civil Aeronautics Administration in cities throughout the United States; to the Committee on Appropriations.

2113. By the SPEAKER: Petition of New York Teachers Chapter, American Veterans Committee, petitioning consideration of their resolution with reference to endorsement of the Taft-Ellender-Wagner housing bill; to the Committee on Banking and Currency.

2114. By Mr. BUCK: Petition of Dr. and Mrs. Frank E. Becker, containing 1,215 signatures, including those of 223 residents of Staten Island, N. Y., urging the appropriation by the Congress of sufficient funds for the education and general rehabilitation of the Navajo Indians; to the Committee on Public Lands.

SATURDAY, JUNE 19, 1948

The House was called to order by the Speaker.

The Journal of the legislative day of Thursday June 17, 1948, was read and approved.

COMMUNICATION

A communication from the Acting Secretary of the Interior, pursuant to clause 2, rule XXIV, transmitting a draft of a proposed bill to promote the settlement and development of the public domain in the Territory of Alaska by facilitating the construction of necessary housing therein, and for other purposes, was taken from the Speaker's table and referred to the Committee on Banking and Currency.

MESSAGE FROM THE SENATE

A message from the Senate, by Mr. Carrell, one of its clerks, announced that the Senate had passed, with amendments in which the concurrence of the House is requested, bills of the House of the following titles:

H. R. 4044. An act to amend the Trading With the Enemy Act, as amended; to create a commission to make an inquiry and report with respect to war claims; and to provide for relief for internees in certain cases.

H. R. 4816. An act to amend section 624 of the Public Health Service Act so as to provide a minimum allotment of $250,000 to each State for the construction of hospitals.

H. R. 5882. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes.

H. R. 6039. An act to authorize the permanent appointment in the Regular Army of one officer in the grade of general and to authorize the permanent appointment in the Regular Air Force of one officer in the grade of general, and other purposes.

H. R. 6116. An act to amend the Trading With the Enemy Act.

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred, or postwar national-defense-incurred, enrollments.

H. R. 6641. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948.

H. R. 6707. An act to amend the Officer Personnel Act of 1947 (Public Law 381, 80th Cong.), and for other purposes.

The message also announced that the Senate had passed bills and joint resolutions of the following titles, in which the concurrence of the House is requested:

S. 411. An act for the relief of Ghetel Pollak Kahan, Magdalena Linda Kahan (wife), and Susanna Kahan (daughter, 10 years old).

S. 2054. An act for the relief of Engebert Axer.

S. 2075. An act for the relief of Wisia Paryzenberg.

S. 2235. An act for the relief of Milo Jurisevic, Mrs. Jelena Jurisevic, Svetozar, Jurisevic, and Radmila Jurisevic,

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 24 of 30

### ADJOURNMENT RESOLUTION

Mr. HALLECK submitted the following concurrent resolution (H. Con. Res. 218):

*Resolved,* That when the two Houses adjourn on Sunday, June 20, 1948, they stand adjourned until 12 o'clock meridian on Friday, December 31, 1948, or until 12 o'clock meridian on the third day after the respective Members are notified to reassemble in accordance with section 2 of this resolution, whichever event first occurs.

SEC. 2. The President pro tempore of the Senate, the Speaker of the House of Representatives, the acting majority leader of the Senate, and the majority leader of the House of Representatives, all acting jointly, shall notify the Members of the Senate and the House, respectively, to reassemble whenever, in their opinion, the public interest shall warrant it.

When said concurrent resolution was considered and agreed to.

A motion to reconsider the vote whereby said concurrent resolution was agreed to was, by unanimous consent, laid on the table.

*Ordered,* That the Clerk request the concurrence of the Senate in said concurrent resolution.

### AUTHORIZING THE SPEAKER AND THE PRESIDENT PRO TEMPORE TO SIGN ENROLLED BILLS AND JOINT RESOLUTIONS

Mr. HALLECK submitted the following concurrent resolution (H. Con. Res. 219):

*Resolved,* That notwithstanding the adjournment of the two Houses until December 31, 1948, the Speaker of the House of Representatives and the President pro tempore of the Senate be, and they are hereby, authorized to sign enrolled bills and joint resolutions duly passed by the two Houses and found truly enrolled.

When said concurrent resolution was considered and agreed to.

A motion to reconsider the vote whereby said resolution was considered and agreed to was, by unanimous consent, laid on the table.

*Ordered,* That the Clerk request the concurrence of the Senate in said concurrent resolution.

### AUTHORIZING THE SPEAKER TO APPOINT COMMISSIONS, BOARDS, AND COMMITTEES

On motion of Mr. HALLECK, by unanimous consent,

*Ordered,* That notwithstanding the adjournment of the House until December 31, 1948, the Speaker be authorized to appoint commissions, boards, and committees authorized by law or by the House.

### REPORTS OF INVESTIGATING COMMITTEES TO BE DOCUMENTS OF THE EIGHTIETH CONGRESS

On motion of Mr. HALLECK, by unanimous consent,

*Ordered,* That reports filed with the Clerk following the adjournment of the House until Friday, December 31, 1948, by committees authorized by the House to conduct investigations may be printed by the Clerk as reports of the Eightieth Congress.

### GENERAL LEAVE TO EXTEND REMARKS

On motion of Mr. HALLECK, by unanimous consent, all Members were granted permission, until the last edition authorized by the Joint Committee on Printing is published, to extend and revise their own remarks in the Record on more than one subject, if they so desire, and also to include therein such short quotations as may be necessary to explain or complete such extension of remarks, but this order shall not apply to any subject matter which may have occurred or to any speech delivered subsequent to the adjournment of Congress until Friday, December 31, 1948.

### CLERK TO RECEIVE MESSAGES

On motion of Mr. HALLECK, by unanimous consent,

*Ordered,* That notwithstanding the adjournment of the House until December 31, 1948, the Clerk be authorized to receive messages from the Senate.

### REPORTS FROM THE OFFICE OF THE COMPTROLLER GENERAL

Mr. HALLECK submitted the following resolution, which was considered and agreed to (H. Res. 700):

*Resolved,* That the reports of the Comptroller General of the United States made to Congress, pursuant to section 5 of the act of February 24, 1945 (56 Stat. 6), and the Government Corporation Control Act (59 Stat. 597), after the adjournment of the House until December 31, 1948, shall be printed as House documents of the second session of the Eightieth Congress.

A motion to reconsider the vote whereby said resolution was agreed to was, by unanimous consent, laid on the table.

### DESIGNATION OF ACTING CLERK OF THE HOUSE OF REPRESENTATIVES

Mr. HALLECK submitted the following resolution, which was considered and agreed to (H. Res. 701):

*Resolved,* That in order that the duties of his office may be discharged in case of his absence or disability or in case his office should become vacant, the Clerk of the House of Representatives on or before June 19, 1948, shall designate a subordinate in his office to perform the duties thereof in any such contingencies until the commencement of the first session of the Eighty-first Congress. Such designee when acting under this authorization, shall subscribe himself as Acting Clerk of the House of Representatives.

The Clerk of the House shall promptly communicate to the Speaker the name of the employee designated hereunder for the information of the House.

A motion to reconsider the vote whereby said resolution was agreed to was, by unanimous consent, laid on the table.

The SPEAKER laid before the House the following communication from the Clerk, which was read:

OFFICE OF THE CLERK,
HOUSE OF REPRESENTATIVES,
*Washington, D. C., June 20, 1948.*
The honorable the SPEAKER,
*House of Representatives.*

SIR: Pursuant to the provisions of House Resolution 701 adopted by the House today, I have designated Mr. Harry Newlin Megill, an official in my office, to discharge the duties contemplated by said resolution.

Respectfully yours,
JOHN ANDREWS,
*Clerk of the House of Representatives.*

### EMPIRE PARLIAMENTARY ASSOCIATION

The SPEAKER announced that, pursuant to the provisions of House Concurrent Resolution 201, Eightieth Congress, he had appointed the following Members on the part of the House to attend the meeting of the Empire Parliamentary Association to be held in Bermuda beginning November 15, 1948: Mr. TALLE, of Iowa, chairman; Mr. CORBETT, of Pennsylvania; Mr. KEFAUVER, of Tennessee; Mr. WORLEY, of Texas.

### INVESTIGATIONS OF PACIFIC ISLANDS AND AREAS

The SPEAKER announced that, pursuant to the provisions of House Concurrent Resolution 129, Eightieth Congress, he had appointed as members of the joint committee to make a study and investigation of the islands and other areas of the Pacific subject to the authority of the United States the following members of the Committee on Public Lands of the House of Representatives: Mr. CRAWFORD, Mr. LEMKE, Mr. FERNANDEZ.

And the following Members of the Committee on Foreign Affairs of the House of Representatives: Mr. FULTON, Mr. JACKSON of California, Mr. PFEIFER.

### FURTHER MESSAGE FROM THE SENATE

A still further message from the Senate, by Mr. Burke, one of its clerks, announced that the Senate had passed without amendment a bill of the House of the following title:

H. R. 5355. An act authorizing a per capita payment of $50 each to the members of the Red Lake Band of Chippewa Indians from the proceeds of the sale of timber and lumber on the Red Lake Reservation.

The message also announced that the Senate agrees to the amendment of the House to the bill (S. 2877) entitled "An act to amend the Reconstruction Finance Corporation Act, as amended," with an amendment, as follows: Strike out, "$35,000,000" and insert in lieu thereof "$40,000,000."

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amend-

App. 19

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 25 of 30

ment of the House to the bill (S. 2242) entitled "An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes."

The message also announced that the Senate agrees to the amendment of the House to a bill of the Senate of the following title:

S 2730. An act to credit, in certain cases, military service and training preparatory thereto performed by employees of the postal service.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendments of the House to the bill (S. 2830) entitled "An act to extend for 5 years the authority to provide for the maintenance of a domestic tin-smelting industry."

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 6771) entitled "An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes."

The message also announced that the Senate agrees to the amendments of the House to the amendments of the Senate Nos. 28 and 30 to the above-entitled bill.

The message also agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 2510) entitled "An act to provide for certain administrative expenses in the Post Office Department, including retainment of pneumatic-tube systems, and for other purposes."

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 6829) entitled "An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices, for the fiscal year ending June 30, 1949, and for other purposes."

The message also announced that the Senate had passed without amendment a joint resolution of the House of the following title:

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

The message also announced that the Senate had passed without amendment concurrent resolutions of the House of the following titles:

H. Con. Res. 199. Concurrent resolution authorizing the printing of additional copies of the report (H. Rept. 1920) on the Communist Party of the United

States as an advocate of overthrow of Government by force and violence.

H. Con. Res. 213. Concurrent resolution authorizing the Committee on Expenditures in the Executive Departments, House of Representatives, to have printed for its use additional copies of the hearings held before a special subcommittee of said committee, current Congress, relative to investigation as to the manner in which the United States Board of Parole is operating and as to whether there is a necessity for a change in either the procedure or basic law.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 6481) entitled "An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1949, and for other purposes."

The message also announced that the Senate recedes from its amendments Nos. 1, 2, and 3 to the above-entitled bill; and that the Senate agrees to the amendments of the House to Senate amendments Nos. 7, 13, 16, 24, and 26 to said bill.

The message also announced that the Senate agrees to the amendment of the House to a bill of the Senate of the following title:

S. 1969. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III.

The message also announced that the Senate agrees to the amendments of the House to bills of the Senate of the following titles:

S. 1243. An act to provide for the payment of revenues from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes.

S. 1683. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 6935) entitled "An act making appropriations for the fiscal year ending June 30, 1948, and for other purposes."

The message also announced that the Senate recedes from its amendment numbered 25 to the above-entitled bill.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 1322) entitled "An act to provide a Federal charter for the Commodity Credit Corporation."

The message also announced that the Senate agrees to the report of the com-

mittee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to bills of the House of the following titles:

H. R. 5904. An act to incorporate the Virgin Islands Corporation, and for other purposes.

H. R. 6916. An act to provide for permanent postal rates and additional compensation for postmasters and employees of the field service in the Post Office Department.

H. R. 6801. An act making appropriations for foreign aid for the period beginning April 3, 1948, and ending June 30, 1949, and for other purposes.

The message also announced that the Senate had passed without amendment concurrent resolutions of the House of the following titles:

H. Con. Res. 218. Concurrent resolution providing for adjournment of the two Houses of Congress until December 31, 1948.

H. Con. Res. 219. Concurrent resolution authorizing the signing of enrolled bills following adjournment.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (H. R. 6248) entitled "An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes."

The message also announced that the Senate had passed without amendment joint resolutions of the House of the following titles:

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer United States Cavalry) of the Spanish-American War.

H. J. Res. 327. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America.

The message also announced that the Senate agrees to the amendments of the House to bills of the Senate of the following titles:

S. 2767. An act to provide assistance in the recruitment and distribution of farm labor for the increased production, harvesting, and preparation for market of agricultural commodities to meet domestic needs and foreign commitments.

S. 2790. An act to amend the Servicemen's Readjustment Act of 1944, as amended, and for other purposes.

ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills and joint resolutions

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 26 of 30

service-connected disabilities who have dependents.

S. 2825. An act to increase the rates of service-connected death compensation payable to certain widows, children, and dependent parents of persons who served in the active military or naval service, and for other purposes.

S. J. Res. 37. Joint resolution requesting the President to proclaim February 1 as National Freedom Day.

S. J. Res. 206. Joint resolution consenting to an interstate boundary compact by and between the States of Michigan, Minnesota, and Wisconsin.

And then,

### ADJOURNMENT

On motion of Mr. HALLECK, pursuant to House Concurrent Resolution 218, at 6 o'clock and 56 minutes a. m., June 20, 1948, the House adjourned until 12 o'clock meridian on Friday, December 31, 1948.

### REPORTS OF COMMITTEES OF PUBLIC BILLS AND RESOLUTIONS

Under clause 2 of rule XIII, reports of committees were delivered to the Clerk for printing and reference to the proper calendar, as follows:

Mr. WELCH: Committee on Public Lands. H. R. 6697. A bill to authorize the sale and grant to the city of Los Angeles, Calif., of certain interests in public lands, and repealing a certain act; with amendments (Rept. No. 2429). Referred to the Committee of the Whole House on the State of the Union.

Mr. WOLVERTON: Committee on Interstate and Foreign Commerce. Report on the activity of the Committee on Interstate and Foreign Commerce, Eightieth Congress; without amendment (Rept. No. 2433). Referred to the Committee of the Whole House on the State of the Union.

Mr. REES: Committee on Post Office and Civil Service. Report on the survey and study of the postal service; without amendment (Rept. No. 2434). Referred to the Committee of the Whole House on the State of the Union.

Mr. HOFFMAN: Committee on Expenditures in the Executive Departments. Seventeenth intermediate report on investigation as to the manner in which the United States Board of Parole is operating; without amendment (Rept. No. 2441). Referred to the Committee of the Whole House on the State of the Union.

Mr. WEICHEL: Committee on Merchant Marine and Fisheries. Senate Joint Resolution 219. Joint resolution to continue until March 1, 1949, the authority of the United States Maritime Commission to make provisions for certain ocean-transportation service to, from, and within Alaska; without amendment (Rept. No. 2447). Referred to the Committee of the Whole House on the State of the Union.

### CHANGE OF REFERENCE

Under clause 3 of rule XXII, the Committee on Ways and Means was discharged from the consideration of the bill (H. R. 5849) to amend the Federal Alcohol Administration Act, and for other purposes, and the same was referred to the Committee on Interstate and Foreign Commerce.

### PUBLIC BILLS AND RESOLUTIONS

Under clause 3 of rule XXII, public bills and resolutions were introduced and severally referred as follows:

By Mr. HARDIE SCOTT:
H. R. 6999. A bill to provide for capital-gain treatment with respect to income received on the redemption of certain United States saving bonds; to the Committee on Ways and Means.

By Mr. BARTLETT:
H. R. 7000. A bill authorizing municipalities o fthe Territory of Alaska to enact transaction taxes; to the Committee on Public Lands.

By Mr. WELCH:
H. R. 7001. A bill to aid the settlement and development of Alaska; to the Committee on Public Lands.

H. R. 7002. A bill to settle and extinguish land claims to the public domain in the Territory of Alaska; to the Committee on Public Lands.

By Mr. WOLCOTT:
H. R. 7003. A bill to provide for a cash allowance for uniforms for employees of the United States Government; to the Committee on Post Office and Civil Service.

By Mr. MARCANTONIO:
H. R. 7004. A bill repealing section 202 (e) of the Sugar Act of 1948; to the Committee on Agriculture.

By Mr. FULTON:
H. R. 7005. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. WEICHEL:
H. R. 7006. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. KELLEY:
H. R. 7007. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis; to the Committee on Interstate and Foreign Commerce.

By Mr. McDOWELL:
H. R. 7008. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. MORGAN:
H. R. 7009. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. McMAHON:
H. R. 7010. A bill to provide for the admission to the United States of certain persons who served in the Polish Army, and for other purposes; to the Committee on the Judiciary.

By Mr. MEADE of Kentucky:
H. R. 7011. A bill to amend section 2 of the act entitled "An act to supplement existing laws against unlawful restraints and monopolies, and for other purposes," as amended; to the Committee on the Judiciary.

By Mr. SANBORN:
H. R. 7012. A bill to promote a sound monetary system; to the Committee on Banking and Currency.

By Mr. SMATHERS:
H. R. 7013. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mrs. BOLTON:
H. R. 7014. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis; to the Committee on Interstate and Foreign Commerce.

By Mr. CORBETT:
H. R. 7015. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. EATON:
H. R. 7016. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. McDONOUGH:
H. R. 7017. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. PFEIFER:
H. R. 7018. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. BARTLETT:
H. R. 7019. A bill to promote the settlement and development of the public domain in the Territory of Alaska by facilitating the construction of necessary housing therein, and for other purposes; to the Committee on Banking and Currency.

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 27 of 30

H. R. 7020. A bill to authorize a program of useful public works for the development of the Territory of Alaska; to the Committee on Public Lands.

By Mr. JENKINS of Pennsylvania:

H. R. 7021. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis; to the Committee on Interstate and Foreign Commerce.

By Mr. VAN ZANDT:

H. R. 7022. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. EBERHARTER:

H. R. 7023. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. KERSTEN of Wisconsin:

H. R. 7024. A bill to amend an act entitled "An act to supplement existing laws against unlawful restraints and monopolies, and for other purposes," approved October 15, 1914 (38 Stat. 730), as amended; to the Committee on the Judiciary.

By Mr. JAVITS:

H. R. 7025. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. BUCHANAN:

H. R. 7026. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. CHELF:

H. R. 7027. A bill to amend the Public Health Service Act to provide for research and investigation with respect to the cause, prevention, and treatment of multiple sclerosis, and for other purposes; to the Committee on Interstate and Foreign Commerce.

By Mr. McMAHON:

H J. Res. 435. Joint resolution to establish a commission to investigate and study the entire field of educational nursing; to the Committee on Interstate and Foreign Commerce.

By Mr. SOMERS:

H. Res. 695. Resolution authorizing an investigation of conditions in Palestine; to the Committee on Rules.

By Mr. MULTER:

H. Res. 696. Resolution authorizing an investigation of conditions in Palestine; to the Committee on Rules.

By Mr. LeCOMPTE:

H. Res. 697. Resolution providing expenses for conducting the investigation incurred by the select committee authorized by House Resolution 691, which was referred to the Committee on House Administration.

By Mr. DONOHUE:

H. Res. 698. Resolution calling upon Congress to take effective action against the spread of inflation and the high cost of living; to the Committee on Banking and Currency.

PRIVATE BILLS AND RESOLUTIONS

Under clause 1 of rule XXII, private bills and resolutions were introduced and severally referred as follows:

By Mr. JENKINS of Pennsylvania:

H. R. 7028. A bill for the relief of Maria Forbes; to the Committee on the Judiciary.

By Mr. McCORMACK:

H. R. 7029. A bill for the relief of John J. O'Mara; to the Committee on the Judiciary.

By Mr. PHILBIN:

H. R. 7030. A bill for the relief of Adalbert (Bela) Juth; to the Committee on the Judiciary.

PETITIONS, ETC.

Under clause 1 of rule XXII, petitions and papers were laid on the Clerk's desk and referred as follows:

, 2115. By Mr. KEARNEY: Petition by the members of Otsego County (N. Y.) Pomona Grange, urging that the Congress of the United States take immediate steps to appropriate money to set up a laboratory for the study and research of the causes, remedies, and final eradication of the hoof-and-mouth disease; to the Committee on Appropriations.

2116. By Mrs. ROGERS of Massachusetts: Petition of the General Court of Massachusetts, relative to the recognition of the state of Israel and the lifting of the embargo on arms to Palestine; to the Committee on Foreign Affairs.

APPOINTMENTS BY THE SPEAKER SUBSEQUENT TO ADJOURNMENT

INVESTIGATION OF FEDERAL COMMUNICATIONS COMMISSION

The SPEAKER, pursuant to the authority conferred upon him by House Resolution 691, Eightieth Congress, and the order of the House of June 19, 1948, empowering him to appoint commissions, boards, and committees authorized by law or by the House, did on June 29, 1948, appoint as members of the select committee to conduct a study and investigation of the organization, personnel, and activities of the Federal Communications Commission the following Members of the House: Hon. FOREST A. HARNESS, Indiana, chairman; Hon. J EDNARD W. HALL, New York; Hon. CHARLES H. ELSTON, Ohio; Hon. J. PERCY PRIEST, Tennessee; Hon. OREN HARRIS, Arkansas.

WASHINGTON AND LEE UNIVERSITY BICENTENNIAL COMMISSION

The SPEAKER, pursuant to the authority conferred upon him by Public Law 636, Eightieth Congress, and the order of the House of June 19, 1948, empowering him to appoint commissions, boards and committees authorized by law or by the House, did on July 9, 1948, appoint as members of the United States-Washington and Lee University Bicentennial Commission the following members on the part of the House to serve with himself: Hon. CLARENCE J. Brown, Ohio; Hon. JAMES W. WADSWORTH, New York; Hon. JOHN W. FLANNAGAN, Jr., Virginia; Hon. FADJO CRAVENS, Arkansas.

A FURTHER MESSAGE FROM THE SENATE SUBSEQUENT TO ADJOURNMENT

A message from the Senate, received by the Clerk of the House on June 24, 1948, announced that the Senate had passed a concurrent resolution of the following title in which the concurrence of the House is requested:

S. Con. Res. 59. Concurrent resolution relative to negotiations with the Canadian Government concerning the construction of railroads in Alaska and the establishment of reciprocal tariff and immigration arrangements.

BILLS AND JOINT RESOLUTIONS ENROLLED SUBSEQUENT TO ADJOURNMENT

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills and joint resolutions of the House of the following titles:

H. R. 333. An act for the relief of sundry residents of Alaska, the veterans of World War II.

H. R. 2009. An act for the relief of the estate of Vito Abarno.

H. R. 2269. An act for the relief of Frank A. Constable.

H. R. 2798. An act to amend section 5, Home Owners' Loan Act of 1933, and for other purposes.

H. R. 3190. An act to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

H. R. 3416. An act to provide for the establishment of the Pensacola National Monument.

H. R. 4044. An act to amend the Trading with the Enemy Act, as amended; to create a commission to make an inquiry and report with respect to war claims; and to provide for relief for internees in certain cases.

H. R. 4917. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken.

H. R. 5416. An act to promote the interests of the Fort Hall Indian irrigation project, Idaho, and for other purposes.

H. R. 5882. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes.

H. R. 5904. An act to continue the Virgin Islands Company as an agency of the United States.

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 28 of 30

H. R. 6248. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes.

H. R. 6402. An act to provide for extension of the terms of office of the present members of the Atomic Energy Commission.

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City.

H. R. 6465. An act to amend and supplement section 2 of the act approved August 30, 1935, relating to the construction and financing of toll bridges over the Delaware River by the Delaware River Joint Toll Bridge Commission of the Commonwealth of Pennsylvania and the State of New Jersey.

H. R. 6481. An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1949, and for other purposes.

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred or postwar national-defense-incurred enrollments.

H. R. 6641. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948.

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes.

H. R. 6801. An act making appropriations for foreign aid, and for other purposes.

H. R. 6829. An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices for the fiscal year ending June 30, 1949, and for other purposes.

H. R. 6916. An act to provide for permanent postal rates and to provide pay increases for Government employees.

H. R. 6935. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes.

H. R. 6808. An act to permit refund or credit to brewers of taxes paid on beer lost in bottling operations.

H. J. Res. 190. Joint resolution authorizing the printing and binding of Cannon's Procedure in the oHuse of Representatives and providing that the same shall be subject to copyright by the author.

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer U. S. Cavalry) of the Spanish-American War.

H. J. Res. 327. Joint resolution to authorize the issuance of a special series

of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America.

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

ENROLLED BILLS AND JOINT RESOLUTION SIGNED SUBSEQUENT TO ADJOURNMENT

The SPEAKER, pursuant to the authority granted him by House Concurrent Resolution 219, second session of the Eightieth Congress, did on June 22, 1948, sign enrolled bills and joint resolutions of the House of the following titles:

H. R. 333. An act for the relief of sundry residents of Alaska, the veterans of World War II.

H. R. 2009. An act for the relief of the estate of Vito Abarnot.

H. R. 2269. An act for the relief of Frank A. Constable.

H. R. 2798. An act to amend section 5, Home Owners' Loan Act of 1933, and for other purposes.

H. R. 3190. An act to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

H. R. 3416. An act to provide for the establishment of the Pensacola National Monument.

H. R. 4044. An act to amend the Trading With the Enemy Act, as amended; to create a commission to make an inquiry and report with respect to war claims; and to provide for relief for internees in certain cases.

H. R. 4917. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken.

H. R. 5416. An act to promote the interests of the Fort Hall Indian irrigation project, Idaho, and for other purposes.

H. R. 5882. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes.

H. R. 5904. An act to continue the Virgin Islands Company as an agency of the United States.

H. R. 6248. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes.

H. R. 6402. An act to provide for extension of the terms of office of the present members of the Atomic Energy Commission.

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City.

H. R. 6465. An act to amend and supplement section 2 of the act approved August 30, 1935, relating to the construction and financing of toll bridges over the Delaware River by the Delaware River Joint Toll Bridge Commission of the Commonwealth of Pennsylvania and the State of New Jersey.

H. R. 6481. An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1949, for other purposes.

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred or postwar national-defense-incurred enrollments.

H. R. 6641. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948.

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes.

H. R. 6801. An act making appropriations for foreign aid, and for other purposes.

H. R. 6829. An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices for the fiscal year ending June 30, 1949, and for other purposes.

H. R. 6916. An act to provide for permanent postal rates and to provide pay increases for Government employees.

H. R. 6935. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes.

H. R. 6808. An act to permit refund or credit to brewers of taxes paid on beer lost in bottling operations.

H. J. Res. 190. Joint resolution authorizing the printing and binding of Cannon's Procedure in the House of Representatives and providing that the same shall be subject to copyright by the author.

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer U. S. Cavalry) of the Spanish-American War.

H. J. Res. 327. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America.

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

SENATE ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED SUBSEQUENT TO ADJOURNMENT

The SPEAKER, pursuant to the authority granted him by House Concurrent Resolution 219, second session, Eightieth Congress, did, on the following—

Case 1:08-cr-00055-RLV-DCK    Document 127-10    Filed 10/30/09    Page 29 of 30

ing dates, sign enrolled bills and joint resolutions of the Senate of the following titles:

On June 22, 1948:

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes.

S. 595. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war.

S. 1243. An act to provide for the payment of revenues from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes.

S. 1260. An act to create a commission to hear and determine the claims of certain motor carriers.

S. 1322. An act to provide a Federal charter for the Commodity Credit Corporation.

S. 1683. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State.

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton.

S. 1717. An act for the relief of the estate of William R. Stigall, deceased.

S. 1963. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III.

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine, and render judgment upon the joint claims of Silas Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.

S. 2242. An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes.

S. 2281. An act to provide for an air parcel-post service, and for other purposes.

S. 2371. An act validating certain conveyances of the Oregon Short Line Railroad Co. and the Union Pacific Railroad Co. and waiving, relinquishing, and disclaiming all title and all right of reverter and forfeiture of the United States of America to the lands described in said conveyance.

S. 2376. An act to provide a revolving fund for the purchase of agricultural commodities and raw materials to be processed in occupied areas and sold.

S. 2440. An act for the relief of Charles Duncan Montrieth.

S. 2554. An act to promote the common defense by providing for the retention and maintenance of a national reserve of industrial productive capacity, and for other purposes.

S. 2621. An act authorizing the extension of the functions and duties of Federal Prison Industries, Inc., to military disciplinary barracks.

S. 2655. An act to provide for the common defense by increasing the strength of the armed forces of the United States, including the Reserve components thereof, and for other purposes.

S. 2676. An act to authorize the Secretary of the Interior to convey a certain parcel of land in St. Louis County, Minn., to the University of Minnesota.

S. 2692. An act to terminate the retirement system of the Office of the Comptroller of the Currency, and to transfer that retirement fund to the Civil Service Retirement and Disability Fund.

S. 2698. An act to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institution, a State institution, and for other purposes.

S. 2705. An act to reimburse the James & Phelps Construction Co.

S. 2709. An act for the relief of Stefan Magura and Michal Magura.

S. 2730. An act to include as allowable service under the act of July 6, 1945, service performed in the military forces and on war transfer by employees in the field service of the Post Office Department.

S. 2743. An act providing for the more expeditious determination of certain claims filed by Ute Indians.

S. 2747. An act to amend the Canal Zone Code for the purpose of incorporating the Panama Railroad Company.

S. 2767. An act to provide assistance in the recruitment and distribution of farm labor for the increased production, harvesting, and preparation for market of agricultural commodities to meet domestic needs and foreign commitment.

S. 2794. An act to authorize the Administrator of Veterans' Affairs to prescribe the rates of pay for certain positions at field installations.

S. 2830. An act to extend for 2 years the authority to provide for the maintenance of a domestic tin-smelting industry.

S. 2849. An act to authorize the Administrator of Veterans' Affairs to convey a certain tract of land in the State of Arkansas to Washington County, Ark.

S. 2861. An act to assist by grants-in-aid the Republic of the Philippines in providing medical care and treatment for certain veterans.

S. J. Res. 177. Joint resolution providing for participation by the Government of the United States in the Pan American Railway Congress, and authorizing an appropriation therefor.

S. J. Res. 219. Joint resolution to continue until March 1, 1949, the authority of the United States Maritime Commission to make provision for certain ocean transportation service to, from, and within Alaska.

On June 23, 1948:

S. 165. An act for the relief of Doris E. Snyder.

S. 2790. An act to amend the Servicemen's Readjustment Act of 1944, as amended, and for other purposes.

S. 2877. An act to amend the Reconstruction Finance Corporation Act, as amended.

BILLS AND JOINT RESOLUTIONS PRESENTED TO THE PRESIDENT SUBSEQUENT TO ADJOURNMENT

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee did on the following dates present to the President, for his approval, bills and joint resolutions of the House of the following titles:

On June 21, 1948:

H. R. 371. An act for the relief of Jenness C. Thomas.

H. R. 564. An act for the relief of Sarah Lee Cregg.

H. R. 700. An act for the relief of Anthony Arancio.

H. R. 703. An act for the relief of Leon Nikolavich Voikov.

H. R. 851. An act for the relief of Adney W. Gray.

H. R. 911. An act for the relief of Kam Fong Chun, Mr. and Mrs. Jose Dias, Joseph de Souza, Mr. and Mrs. Kenneth Ayres, and Jose Oducado.

H. R. 912. An act for the relief of Hiro Higa and Kana Higa.

H. R. 915. An act to confer jurisdiction upon the District Court of the United States for the Territory of Hawaii to hear, determine, and render judgment on the claims of the executors and trustees of the estate of L. L. McCandless, deceased, as their interests may appear, against the United States of America.

H. R. 1076. An act for the relief of Chester O. Glenn.

H. R. 1220. An act for the relief of James D. Sigler and Frederick P. Vogelsand III.

H. R. 1403. An act for the relief of Frantisek Jiri Pavlik or Georg Pavlik.

H. R. 1490. An act for the relief of the United States Radiator Corp., of Detroit, Mich.

H. R. 1642. An act for the relief of Miss Rosella M. Kostenbader.

H. R. 1733. An act for the relief of G. C. Hedrick.

H. R. 1734. An act for the relief of Gabel Construction Co.

H. R. 1779. For the relief of the Winona Machine & Foundry Co., a corporation of Winona, Minn.

H. R. 1780. An act for the relief of the Cannon Valley Milling Co.

H. R. 1910. An act for the relief of the legal guardian of Robert Lee Threatt, a minor.

H. R. 1930. An act for the relief of the Growers Fertilizer Co., a Florida corporation.

H. R. 2096. An act to amend section 11 of the act approved June 5, 1942 (56 Stat. 317), relating to Mammoth Cave National Park in the State of Kentucky, and for other purposes.

H. R. 2192. An act for relief of the Massman Construction Co.

H. R. 2193. An act for the relief of Robert E. Graham.

App. 24

Case 1:08-cr-00055-RLV-DCK   Document 127-10   Filed 10/30/09   Page 30 of 30